Argued and submitted November 24, 2009, judgment and supplemental judgment
for attorney fees vacated and remanded for reconsideration January 6, 2010

## Omar J. GRISBY,
*Plaintiff-Appellant,*

*v.*

## PROGRESSIVE PREFERRED INSURANCE COMPANY,
*Defendant-Respondent.*

### Multnomah County Circuit Court
030505057; A140175

225 P3d 101

Dean Heiling argued the cause for appellant. With him on the briefs was Heiling Dwyer & Associates.

Michael A. Lehner argued the cause for respondent. With him on the brief was Lehner & Rodrigues PC.

Before Haselton, Presiding Judge, and Armstrong, Judge, and Rosenblum, Judge.

HASELTON, P. J.

## HASELTON, P. J.

Plaintiff appeals from a judgment and supplemental judgment awarding him attorney fees of $20,925 and costs of $2,426, pursuant to ORS 742.061(1),[1] arguing that the trial court erroneously exercised its discretion under ORS 20.075(2) in determining the amount of recoverable fees. Plaintiff contends, *inter alia*, that the trial court reduced fees from the amount requested, $58,860, based, in part, on a materially erroneous understanding and recitation of the parties' settlement history. *See* ORS 20.075(1)(f) (in determining a prevailing party's discretionary entitlement to statutory attorney fees, and the amount of such fees, the court shall consider "[t]he objective reasonableness of the parties and the diligence of the parties in pursuing settlement of the dispute"). We agree with plaintiff and, consequently, vacate the attorney fee award and remand for reconsideration.

The circumstances material to our analysis and disposition are undisputed. Plaintiff was injured in an auto accident, and defendant was his insurer. A dispute ensued regarding whether defendant was obligated, under its personal injury protection (PIP) coverage, to pay for certain chiropractic treatments that plaintiff had received. Plaintiff filed this action, seeking recovery of the disputed chiropractic expenses and attorney fees, and the matter was referred to court-annexed arbitration pursuant to ORS 36.405(1)(a). The central issue before the arbitrator was whether plaintiff's need for the disputed chiropractic treatment was related to the accident. The arbitrator ruled for defendant, and plaintiff

---

[1] ORS 742.061 provides, in part, as follows:

"(1) Except as otherwise provided in subsections (2) and (3) of this section, if settlement is not made within six months from the date proof of loss is filed with an insurer and an action is brought in any court of this state upon any policy of insurance of any kind or nature, and the plaintiff's recovery exceeds the amount of any tender made by the defendant in such action, a reasonable amount to be fixed by the court as attorney fees shall be taxed as part of the costs of the action and any appeal thereon. * * *

"(2) Subsection (1) of this section does not apply to actions to recover personal injury protection benefits if, in writing, not later than six months from the date proof of loss is filed with the insurer:

"(a) The insurer has accepted coverage and the only issue is the amount of benefits due the insured; and

"(b) The insurer has consented to submit the case to binding arbitration."

timely appealed, ORS 36.425(2)(a), requesting a trial *de novo* before a jury. After the arbitrator's award and before the trial *de novo*, the parties unsuccessfully attempted to settle their dispute.[2]

Before trial, plaintiff successfully moved *in limine* to exclude, *inter alia*, evidence of the extent of damage to his car, estimates of the cost to repair that damage, and evidence that plaintiff had not had his car repaired. Thereafter, and notwithstanding the court's exclusion of that evidence, plaintiff himself referred to defendant's employee tendering a check for "[$]1200-something" to him for "damages [to his] car." Defendant did not object to that testimony. Defense counsel subsequently elicited testimony from a defense witness, Dr. Duncan, that plaintiff had told him that he had not had his car repaired because the damage was "not that bad."

In closing argument to the jury, defense counsel, in disputing any causal connection between the accident and the disputed chiropractic services, referred to Duncan's recounting of plaintiff's "not that bad" description of the damage to his car. In rebuttal closing, in an attempt to counter that argument, plaintiff's counsel referred on three separate occasions to defendant being willing to pay plaintiff "[$]1,200 and something" for the damages to his car. Defendant objected to the first two references as being "outside the scope of the evidence," and the court sustained those objections, meeting with counsel in chambers off the record before ruling on the second objection. Immediately thereafter, plaintiff's counsel made his third reference in closing to the amount of damage to plaintiff's car as "[$]1,200 and something," and the court again sustained defense counsel's objection.

After the case was submitted to the jury, defense counsel told the trial court that, because of the resources already expended in trying the case, he had not moved for a mistrial based on plaintiff's counsel's "improper" conduct, but, if the jury returned a verdict for plaintiff, defendant would seek a reduction of plaintiff's requested attorney fees because of that conduct. Plaintiff's counsel responded that, although he recognized that the court had "admonished me

---

[2] The details of those negotiations are recounted below. 233 Or App at 214-15.

three times," he did not understand the reason for those rulings because he believed that his references corresponded to evidence that had been admitted without objection and his argument fairly responded to defense counsel's implication that the extent of damage to plaintiff's car belied any causal connection between the accident and the disputed chiropractic treatments.

The jury returned a verdict for plaintiff. Plaintiff then petitioned, under ORS 742.061(1), for an award of attorney fees of $49,626. That amount represented, generally, the product of the hours devoted to the case multiplied by counsel's regular billing rate of $250 per hour "enhanced" to $400 per hour.

Defendant objected, contending that plaintiff had no entitlement to fees under ORS 742.061(1), because the circumstances of this case fell within the exception to fee recovery described in ORS 742.061(2). Defendant further argued that, even if plaintiff were entitled to recover some fees, the amount sought should be reduced for a variety of reasons, including that (a) any enhancement of plaintiff's counsel's regular hourly rate was unwarranted; (b) counsel's "improper" argument warranted a substantial reduction; and (c) plaintiff's rejection of defendant's settlement offers had been unreasonable.

In support of the last contention, pertaining to the reasonableness of the parties' settlement-related conduct, defendant submitted the affidavit of David Orme, defendant's adjuster assigned to plaintiff's case. The content of Orme's uncontroverted averments describing the parties' negotiations is critical to this appeal; consequently, we set out those averments verbatim:

"5.  On June 16, 2004, I called attorney Dean Heiling, Mr. Grisby's attorney, and offered $4,042 to settle Mr. Grisby's claim because of the cost of litigation. This was after Progressive had already won the arbitration that had taken place on April 8, 2004 before arbitrator Richard Spier. During our conversation, Mr. Heiling told me that he would take the offer to his client, but stated that he did not think $4,042 would settle the case due to Mr. Heiling's belief that he was entitled to attorney fees.

"6. On August 11, 2004, I again spoke with Mr. Heiling about settlement and asked him if the case could be settled for a few thousand dollars more than the disputed amount of $4,042. (At the trial in this matter, Mr. Heiling amended this amount a slight bit to account for massage therapy billings that had not been included in the original complaint.) In response, Mr. Heiling told me that he would settle the case for $9,750. Mr. Heiling indicated that this amount included a sum for his attorney fees. Mr. Heiling told me that he felt he could get a jury mad enough at Progressive to award money to his client. The case did not settle."

The trial court denied the fee request, concluding that the exception to fee entitlement specified in ORS 742.061(2) applied, and we affirmed. *Grisby v. Progressive Preferred Ins. Co.*, 207 Or App 592, 142 P3d 531 (2006). The Supreme Court reversed, holding that ORS 742.061(2) did not preclude entitlement to fees, and remanded to the trial court to determine the amount of reasonable attorney fees. *Grisby v. Progressive Preferred Ins. Co.*, 343 Or 175, 166 P3d 519, *adh'd to as modified on recons*, 343 Or 394, 171 P3d 352 (2007).[3]

On remand, the parties filed supplemental submissions. Plaintiff modified his fee request in two material respects: (1) Whereas the original petition had sought an enhancement of counsel's then-regular billing rate of $250 per hour to $400 per hour, plaintiff's supplemental submission sought an enhancement from $250 per hour to $500 per hour—that is, a double multiplier—for all services through the end of the trial; and (2) plaintiff sought to recover fees for post-remand representation before the trial court at his current rate of $375 per hour. Plaintiff's total fee request, as enhanced, was $58,860, plus $2,426 in costs. Without the enhancements, plaintiff's total requested fees would be approximately $31,000. Defendant reiterated and amplified its initial objections pertaining to reasonableness, including emphasizing the parties' settlement history, as recounted in the Orme affidavit, and vehemently disputing the propriety of a double multiplier, as well as urging that the court

---

[3] The Supreme Court awarded plaintiff appellate-related attorney fees.

consider plaintiff's counsel's conduct at trial during closing argument.

The trial court awarded attorney fees of $20,925 and costs of $2,426. In so ruling, the court issued extensive written findings, framing its analysis by express reference to the factors prescribed in ORS 20.075(2). That statute provides:

> "A court shall consider the factors specified in subsection (1) of this section in determining the amount of an award of attorney fees in any case in which an award of attorney fees is authorized or required by statute. In addition, the court shall consider the following factors in determining the amount of an award of attorney fees in those cases:

> "(a)  The time and labor required in the proceeding, the novelty and difficulty of the questions involved in the proceeding and the skill needed to properly perform the legal services.

> "(b)  The likelihood, if apparent to the client, that the acceptance of the particular employment by the attorney would preclude the attorney from taking other cases.

> "(c)  The fee customarily charged in the locality for similar legal services.

> "(d)  The amount involved in the controversy and the results obtained.

> "(e)  The time limitations imposed by the client or the circumstances of the case.

> "(f)  The nature and length of the attorney's professional relationship with the client.

> "(g)  The experience, reputation and ability of the attorney performing the services.

> "(h)  Whether the fee of the attorney is fixed or contingent."

The "factors specified in [ORS 20.075](1)," which are incorporated by reference in ORS 20.075(2), are as follows:

> "(a)  The conduct of the parties in the transactions or occurrences that gave rise to the litigation, including any conduct of a party that was reckless, willful, malicious, in bad faith or illegal.

"(b)    The objective reasonableness of the claims and defenses asserted by the parties.

"(c)    The extent to which an award of an attorney fee in the case would deter others from asserting good faith claims or defenses in similar cases.

"(d)    The extent to which an award of an attorney fee in the case would deter others from asserting meritless claims and defenses.

"(e)    The objective reasonableness of the parties and the diligence of the parties and their attorneys during the proceedings.

"(f)    The objective reasonableness of the parties and the diligence of the parties in pursuing settlement of the dispute.

"(g)    The amount that the court has awarded as a prevailing party fee under ORS 20.190.

"(h)    Such other factors as the court may consider appropriate under the circumstances of the case."

The trial court predicated its reduction of plaintiff's requested fees on three primary considerations. First, the court determined that an enhancing multiplier was unwarranted and that a billing rate of $250 per hour was reasonable for all services rendered. Second, the court referred to plaintiff's counsel's conduct during closing argument and determined that that conduct was relevant under both ORS 20.075(1)(e) and (h):

"Prior to trial, Plaintiff made various motions in limine to exclude evidence at trial, some of which were granted. Plaintiff's attorney violated motions in limine on three separate occasions, even after the Court explicitly instructed him to stop. The Court finds this objectively not reasonable, and takes it into consideration in reducing the attorney fee award.

"* * * * *

"The Court takes into account the actions of Plaintiff's attorney at trial including not following motions in limine which excluded certain evidence, continuing to disregard these motions in limine despite court instructions, and arguing points that were improperly brought before the

jury during rebuttal argument such that Defendant did not have an opportunity to respond."

Third, the court determined, under ORS 20.075(1)(f), that plaintiff's rejection of settlement offers militated against an award of fees in the amount requested. That determination was expressly predicated on the following recitation of the parties' settlement history:

> "In the present case, Defendant made two settlement offers despite the Defendant prevailing at arbitration. Plaintiff rejected both. First, on June 16, 2004, Defendant offered $4,042, which would have fully compensated Plaintiff, but not provide for attorney fees. Second, on August 11, 2004, Plaintiff rejected a $9,750 settlement offer, which included $5,708 in attorney fees. This Court finds that it was not objectively reasonable for Plaintiff's counsel to reject full compensation and $5,708 in attorney fees and to proceed to trial solely for more attorney fees. When applying the cost/benefit criteria, Defendant had won in arbitration, and Plaintiff could only gain the same amount or less in compensation. The sole reason to pursue trial was attorney fees. The cost of continuing litigation through trial would be considerable and the objective likelihood of recouping cost and fees was dependent on whether Plaintiff won. Since Defendant made two offers, both of which gave full compensation to Plaintiff, and the later which offered $5,708 in attorney fees, Plaintiff's counsel appears to be 'totally responsible or largely responsible' for the case moving forward to trial. The Court takes this into consideration."

After the trial court issued its findings and order, plaintiff's counsel wrote to the court asking for clarification or correction of what he believed might be a "typographical error"—*viz.*, that multiplying the total number of hours claimed by a rate of $250 per hour would yield an award of $30,925—not $20,925; accordingly, counsel suggested that the initial "2" should have been a "3." The trial court rejected that suggestion, reiterating that the award was, in fact, "$20,925" and stating that "[t]his takes into consideration Plaintiff's Counsel's violation of the pre-trial rulings and conduct during trial." The court subsequently entered a judgment and supplemental judgment awarding attorney fees of $20,925 and costs of $2,426.

Plaintiff appeals and challenges each of the trial court's expressed grounds for reducing fees from the requested amount. We reject without further discussion plaintiff's contention that the trial court erred in determining that a billing rate of $250 per hour, without some "multiplying" enhancement, was reasonable and appropriate in this case. However, as explained below, we conclude that, because the trial court's exercise of discretion under ORS 20.075(2) was explicitly premised on a materially inaccurate description of the parties' settlement interactions, the award of fees must be vacated and the case remanded for the trial court to reconsider and exercise its discretion based on a correct understanding of the circumstances bearing on the application of ORS 20.075(1)(f). *See Niman and Niman*, 206 Or App 400, 421, 136 P3d 1186 (2006) (vacating fee award and remanding for reconsideration where trial court's initial exercise of discretion as to entitlement to attorney fees was predicated on an "erroneous understanding of the scope and content" of various factors specified in ORS 20.075(1)).

As noted, the averments of the Orme affidavit quoted above, 233 Or App at 214-15, were submitted by defendant and represent the only evidence in this record of the sequence and content of the parties' settlement negotiations. The trial court's recitation of that history is irreconcilable with Orme's uncontroverted account, and that discrepancy is material and prejudicial to plaintiff.

To summarize, Orme averred: (1) After defendant had prevailed at arbitration and plaintiff had appealed, Orme called plaintiff's counsel and offered to settle the case for the amount of the disputed PIP benefits, $4,042, but plaintiff's counsel replied that he did not believe that amount would be sufficient because it did not include any allowance for attorney fees. (2) Approximately two months later, on August 11, 2004, Orme spoke with plaintiff's counsel and "asked him if the case could be settled for a few thousand dollars more" than the disputed $4,042, and plaintiff's counsel responded that "he would settle the case for $9,750," which included attorney fees. There is no evidence that defendant ever responded to plaintiff's counteroffer.

The trial court's recitation in its findings comports with Orme's account with respect to defendant's first offer but is materially inaccurate with respect to the second (August 11, 2004) interaction. In the court's description, *defendant*, not *plaintiff*, offered to settle for $9,750—and *plaintiff*, not *defendant*, rejected that offer. Thus, the trial court transposed the parties' settlement posture. Further, and in a related fashion, the trial court's findings do not refer to Orme's August 11, 2004, "a few thousand dollars more" initial inquiry and, thus, do not assess plaintiff's conduct in the context of that inquiry.

We caution that we are not reexamining the evidence of settlement negotiations *de novo* and rendering our own findings as to the parties' settlement posture. Such an exercise would violate the controlling standard of review. *See Shumake v. Foshee*, 197 Or App 255, 261, 105 P3d 919 (2005) (standard of review of factual findings pertaining to allowance of enhanced prevailing party fee in nonequity civil proceedings is "for any evidence"); *accord Niman*, 206 Or App at 415-17 (addressing issue). Rather, we merely determine that the trial court's description of the August 11, 2004, settlement interaction is unsupported by any evidence in the record and transposes the parties' positions as substantiated by the only evidence of that interaction.

That error is material. In the trial court's rendition, defendant was effectively "bidding against itself"—with defendant, after plaintiff had rejected the initial $4,042 offer, increasing its offer to more than double that amount ($9,750), and plaintiff unaccountably rejecting an eminently reasonable offer. Given that erroneous factual premise, the trial court concluded that "it was not objectively reasonable for Plaintiff's counsel *to reject full compensation and $5,708 in attorney fees and to proceed to trial solely for more attorney fees.*" (Emphasis added.)

If the trial court's factual premise were correct, the application of ORS 20.075(1)(f) would, no doubt, justify a very substantial reduction of plaintiff's recoverable attorney fees. *See, e.g., Erwin v. Tetreault*, 155 Or App 205, 213-15, 964 P2d 277 (1998), *rev den*, 328 Or 330 (1999). But that pivotal premise was erroneous. Far from refusing to resolve the case for

$9,750, plaintiff *offered* to do so—and did so in response to defendant's inquiry about whether the case could be settled for "a few thousand dollars more than the disputed amount of $4,042." Further, notwithstanding plaintiff's response—which was, at least arguably, within the range of "a few thousand dollars more" than $4,042—there is no evidence that defendant ever replied to that response. Thus, on this record, it was defendant, not plaintiff, who did not respond to—and ultimately effectively rejected—an ostensibly reasonable proposal to resolve the dispute.

■    From the trial court's findings and order, it is patent that the court's exercise of discretion in reducing plaintiff's (unenhanced) requested fees was based substantially, albeit not exclusively, on that materially erroneous factual premise. Accordingly, we must remand to the trial court to reconsider its application of ORS 20.075(1)(f) and, upon that reconsideration, to again exercise its discretion under ORS 20.075(2). *See Niman*, 206 Or App at 421-22.

Finally, we address plaintiff's challenge to the trial court's reliance on his counsel's comments in closing argument, to which the court thrice sustained objections, as militating against an award of fees as requested. Although our remand arguably obviates any present need to address that matter, we do so to guide the trial court on remand. We decline, at the outset, plaintiff's invitation to revisit the trial court's determination that his counsel had, in fact, violated the court's instructions and rulings during closing argument. In that regard, we note that the trial court was uniquely competent to make that assessment, particularly given that, between defendant's second objection (and before the court's ruling on that objection) and the third objection, the court engaged in an unreported in-chambers discussion with counsel.

We also reject, without extended discussion, plaintiff's suggestion that, as a general matter, an attorney's unreasonable conduct, including violation of court orders, should be inapposite to the exercise of discretion under ORS 20.075(1) and (2), because to deny or reduce fees based on such conduct may punish the client for the attorney's

purported transgressions. Regardless of whether such misconduct is explicitly cognizable within the purview of ORS 20.075(1)(e), it certainly is implicitly cognizable under ORS 20.075(1)(h). We note, further, that if plaintiff were correct, then counsel could engage in unreasonable or improper conduct increasing the expense of litigation to the opposing party, and the court would be unable to consider such conduct in exercising its discretion with respect to fee entitlement or amount. For example, if the prevailing party's counsel had engaged in unreasonable conduct that inflated his or her own client's fees and exacerbated the opposing party's fees, the court would be unable to reduce the fee award by the amount of the unwarranted additional expense incurred by the nonprevailing party. Nothing in the language of ORS 20.075 or our decisions construing and applying that statute compels such a result.

■　　　Nevertheless, a court's discretionary authority to reduce requested attorney fees that are otherwise reasonable, because of improper conduct by counsel—or, indeed, based on any other factor identified in ORS 20.075(1) and (2)—is subject to principled constraints. In particular, there must be a rational nexus between the factor invoked, and its underlying circumstances, and the amount of the reduction. Further, some explanation by trial courts in that regard greatly assists this court in exercising its review function consistently with the dictates of *McCarthy v. Oregon Freeze Dry, Inc.*, 327 Or 185, 187-88, 957 P2d 1200 (1998). *Cf. Ashley v. Garrison*, 162 Or App 585, 592, 986 P2d 654 (1999) (findings regarding award of attorney fees "need not be complex or lengthy and may be made in any terms clear enough to permit meaningful review"). Accordingly, to the extent that the trial court on remand determines that some reduction of fees is warranted based on the conduct of plaintiff's counsel at trial, it would be useful for the court to relate the nature and severity of any predicate conduct, and any pertinent collateral consequences, to the amount of any reduction of requested fees.

　　　Judgment and supplemental judgment for attorney fees vacated and remanded for reconsideration.