No. 596 July 2, 2025 633

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

KEITH M. THOMPSON,
*Plaintiff-Respondent,*

*v.*

ANGEL A. ALLEN,
*Defendant-Appellant,*
*and*

KENNY SHEPPARD et al.
*Defendants.*

Tillamook County Circuit Court
23LT02441; A182080

Mari Garric Trevino, Judge.

Submitted September 13, 2024.

Elliot Farren, Elizabeth Reetz, Emily Rena-Dozier and
Oregon Law Center filed the brief for appellant.

No appearance for respondent.

Before Shorr, Presiding Judge, Powers, Judge, and
Pagán, Judge.

PAGÁN, J.

Vacated and remanded.

## PAGÁN, J.

In this forcible entry and detainer (FED) case, tenant appeals from a supplemental judgment awarding attorney fees. Tenant, as prevailing party, requested $3,840 in fees. The court ultimately awarded only $500 to tenant, on the basis that the case should have settled and tenant's settlement offer was unreasonable. In tenant's sole assignment of error, she asserts that the trial court abused its discretion by reducing the fee amount, arguing that the court failed to properly connect its reasoning to its reduction. We conclude that there is not a rational nexus between the basis for the reduction—settlement negotiations—and the amount of the reduction, and therefore the trial court abused its discretion. Accordingly, we vacate and remand the supplemental judgment.

Landlord sought to evict tenant for nonpayment of rent after tenant secured a restraining order against her co-tenant, who moved out. Landlord and tenant, who were each represented by an attorney, engaged in settlement discussions but could not come to an agreement. Tenant made two settlement offers. Among other terms, the first offer allowed for 90 days to vacate, during which time tenant would pay one-half the usual rent; landlord rejected that offer. Landlord counteroffered with 90 days to vacate, during which time tenant would pay one-and-one-half times the usual rent, which tenant rejected. On the morning of trial, tenant made a final settlement offer: six months to vacate, no rent payment, and landlord to provide a neutral reference. Landlord's response is not in the record, but assumedly he rejected the offer as the case then went to trial.

The trial court determined that the notice of eviction was defective because it gave tenant less time to vacate the premises than was statutorily required. The court entered judgment in tenant's favor.

In a subsequent filing, tenant requested attorney fees in the amount of $3,840 (16 hours of work at $240 an hour). In a written decision, the court awarded $500 in attorney's fees. The court explained the reduction in fees by going through the statutory factors of ORS 20.075, and also stated that

"[Landlord's] legal arguments in this case were weak. This case should have settled or been dismissed, however [tenant's] settlement terms were also not tenable in light of the condition of the property and the lack of any rental payment at all for six months preceding the trial."

On appeal, tenant argues that such a substantial fee reduction was unwarranted given the full factors of ORS 20.075, and that such a small award served to punish tenant for attempting to vindicate her rights.

The prevailing party in a FED action may be awarded "reasonable attorney fees." ORS 90.255. "Whether a party is entitled to attorney fees presents a question of law, but whether fees are reasonable is a factual determination that we review for abuse of discretion." *Makarios-Oregon, LLC v. Ross Dress-for-Less, Inc.*, 293 Or App 732, 739, 430 P3d 142, *adh'd to as modified on recons*, 295 Or App 449, 430 P3d 1125 (2018); *see also* ORS 20.075(3) ("In any appeal from the award or denial of an attorney fee subject to this section, the court reviewing the award may not modify * * * the decision of the court as to the amount of the award, except upon a finding of an abuse of discretion."); *Espinoza v. Evergreen Helicopters, Inc.*, 359 Or 63, 117, 376 P3d 960 (2016) (a trial court may abuse its discretion if a decision is based on "predicate legal conclusions that are erroneous or predicate factual determinations that lack sufficient evidentiary support").

A court must consider the factors enumerated in ORS 20.075(1) and ORS 20.075(2) when determining the amount of attorney's fees to award. *See Barbara Parmenter Living Trust v. Lemon*, 345 Or 334, 348, 194 P3d 796 (2008) ("As with all the statutory factors, none is necessarily dispositive, but all must be considered.") "[T]here must be a rational nexus between the factor invoked, and its underlying circumstances, and the amount of the reduction." *Grisby v. Progressive Preferred Ins. Co.*, 233 Or App 210, 222, 225 P3d 101 (2010). Here, we conclude that there is not a rational nexus between the settlement negotiations and the substantial reduction in fees, and therefore the trial court abused its discretion.

As laid out by the trial court, the only factor that cut against an award of fees was ORS 20.075(1)(f),[1] for which the court noted: "The parties attempted to settle the case but were stymied by Defendant's request for another six months of rent-free tenancy in addition to a positive reference when the premises had substantially deteriorated during the tenancy." The court was within its discretion to reduce the fee award based on that factor, but not arbitrarily. *Grisby*, 233 Or App at 222. We struggle to see how a multi-day trial, with all its attendant preparation, from which tenant was the victor, could warrant an award of only $500. The reduction is further difficult to understand given that the court found tenant's attorney to have otherwise performed competently.

Crucially, it is unclear how the court came up with the $500 figure. More specifically, we fail to see how the court's finding that the settlement offer was unreasonable was responsible for *extra work*, or otherwise acted to reduce an award the court had already decided should issue. Landlord never objected to the reasonableness of the fees themselves, so the court was not provided with any rebuttal evidence or argument regarding the fees from which to base its ruling. Looking at the details, at the billing rate of $240 an hour, which landlord did not object to, $500 covers barely two hours of work. Tenant's attorney submitted a detailed and itemized list of the hours she had billed on the case (indicating both raw time spent and the time ultimately billed). The court did not explain which billing entries it found unreasonable or unwarranted, or which entries it had reduced. *See, e.g., Anderson v. Sullivan*, 311 Or App 406, 492 P3d 118 (2021) (upholding reduction of fees where a court identified and reduced a specific subset of hours that were unreasonable). Nor did it provide some other measure of calculation, such as a percentage-based reduction. *See, e.g., Makarios-Oregon, LLC*, 293 Or App at 742 (upholding percentage-based reduction of awards, vacating on other grounds).

Further, the offer of settlement at issue was made on the morning of trial and was summarily rejected, indicating that landlord was already prepared for trial. In that

---

[1] "The objective reasonableness of the parties and the diligence of the parties in pursuing settlement of the dispute." ORS 20.075(1)(f).

circumstance, it is difficult to articulate how the offer, no matter how unreasonable, could be considered causally related to the expense of trial undertaken by the parties, particularly to the extent the court reduced the award. Even if the court reasoned that the expenses after the settlement offer were unreasonable, we do not see how that would warrant reduction of time that had already been expended by that point. Indeed, tenant's attorney's billing records show counsel had already incurred 12.2 hours of time through the day that tenant made the settlement offer that the court found unreasonable. In that light and without other reasons for adjusting the fees, it was an abuse of discretion to reduce almost all of tenant's counsel's time that had been incurred before any unreasonable offer was made.

We are also concerned that the court's decision did not mention tenant's first settlement offer (90-day, half-rent, no reference) that appears more reasonable under the circumstances. *See Grisby*, 233 Or App at 220 (vacating decision where trial court erroneously described settlement negotiations). Perhaps the award would be more understandable if the final, day-of-trial, offer was the only offer made by tenant. But it appears tenant did engage in meaningful negotiations before the matter was presented to the court. This is not to say that a court that has granted fees may not reduce the award based on conduct such as unreasonable settlement offers. But if a trial court chooses to do so, particularly in such a drastic manner, it should be able to articulate the rational connection between the conduct at issue and the gravity of the reduction. Seeing none here, we conclude that the court abused its discretion in setting the amount of the attorney fee award. We vacate the supplemental judgment and remand for the trial court to reconsider the amount of the attorney fee award in light of our decision.

Vacated and remanded.