AOYAGI, J., *700 Wife appeals a supplemental judgment modifying a general judgment of dissolution. In her first assignment of error, wife challenges the trial court's calculation of child support, specifically as related to husband's employment income and the parties' child care costs. In her second assignment of error, wife challenges the trial court's establishment of a 50/50 parenting plan. We reject the second assignment of error without written discussion. As to the first assignment of error, we exercise our discretion to review de novo the factual issue of how much income husband receives from employment and, having done so, reverse and remand for recalculation of child support in light of our finding on that issue. Otherwise, we affirm.
Given our disposition, the relevant facts are minimal and largely procedural. The parties married in 2008. They have two young children together. In 2015, the court entered a general judgment of dissolution. The child support award included in the general judgment reflected both parents' lack of employment. A little over a year later, wife moved to modify custody, the parenting plan, and child support. By the time she filed that motion, both parties were employed. Although custody and the parenting plan were the most hotly contested issues at trial, we limit our discussion of the record to summarizing the evidence regarding husband's income from employment, as relevant to child support.
On the day of trial, husband filed a Uniform Support Declaration (USD), using a form document with checkboxes and blank spaces, in which he provided information about his income. With respect to income from employment, husband stated on the second page of his USD that he earned $14.50 per hour, was paid twice monthly, and worked 32 hours per pay period. Husband also provided copies of his four most recent paystubs, which were attached to his USD.
*1135 At trial, husband testified about his income from employment. During direct examination, husband answered affirmatively when asked whether he was "adopt[ing] the figures contained [in his USD] as [his] testimony regarding *701 [his] income." Notwithstanding that general adoption of the figures in the USD, however, husband was asked and answered specific questions about his income on both direct examination and cross-examination. He testified that he earned $14.50 per hour. He testified that he worked four days a week "from 7:30 to 4:00." He testified that he had previously worked five days a week but had stopped working on Saturdays to have more time with the children. He affirmed that the paystubs attached to his USD accurately reflected his work hours and how much he was paid. In that context, husband made a point of testifying that the most recent paystub attached to his USD-which recorded 62.67 hours worked-was a "more realistic representation" of his work hours than the other paystubs (some of which were higher and some of which were lower) and was "about the average amount" that he worked.
Ultimately, the trial court ruled that it would modify custody, the parenting plan, and child support. With respect to child support, the court stated in its written order that child support "shall be calculated based on the guidelines utilizing the new parenting plan and the parties' respective incomes as stated in their uniform support declarations." Husband filed a proposed supplemental judgment consistent with that order. Wife objected, arguing, among other things, that the child support calculation was incorrect. The trial court signed and entered the proposed judgment.
On appeal, wife challenges several aspects of the judgment. As already noted, however, we write only to address part of wife's first assignment of error. Specifically, we exercise our discretion under ORS 19.415(3) to review de novo how much employment income should be attributed to husband for purposes of calculating child support. We agree that de novo review is appropriate on that limited fact issue.
Two considerations lead us to exercise our discretion in that manner. First, although husband summarily stated at trial that he was adopting his USD figures as his testimony about income, husband more specifically testified that the paystubs attached to his USD accurately reflected how much he worked, and, during his sworn trial testimony, *702 he answered specific questions about his rate of pay and average weekly hours. On this record, we are convinced that husband's income calculation on the second page of his USD reflects a simple mistake: having been asked how many hours he works in a pay period , husband answered with how many hours he works in a week . The trial court's subsequent decision to calculate child support based on the USD does not comport with husband's own uncontroverted testimony or the uncontroverted paystubs attached to his USD. See ORAP 5.40(8)(d)(ii). Second, the factual issue was important to the trial court's ruling on child support, and our determination of the fact regarding husband's income in wife's favor "would likely provide a basis for reversing or modifying the trial court's ruling." ORAP 5.40(8)(d)(iv). Wife concedes that the second page of the USD provides some evidence to support the trial court's ruling on child support and that, absent de novo review, she would be unable to obtain relief on appeal. See Kaptur and Kaptur , 256 Or. App. 591, 596 n. 2, 302 P.3d 819 (2013) (in a domestic relations case, absent de novo review, we review the trial court's factual findings to determine whether they are supported by any evidence). Although we exercise our discretion to review de novo only in exceptional cases, ORAP 5.40(8)(c), "a lower court's reliance on a crucial finding that does not comport with the evidence in the record can be a reason to exercise our discretion." Morgan and Morgan , 269 Or. App. 156, 159, 344 P.3d 81 (2015) (internal quotation marks omitted). This is such a case, with respect to the limited issue of husband's income from employment as relevant to calculating child support.
Turning to the factual issue, we rely on husband's testimony at trial and his paystubs-rather than the second page of his USD-in making our finding regarding husband's employment income. Husband's trial *1136 testimony was given under oath and is consistent with the paystubs attached to his USD, which he attested were accurate. Husband does not work the exact same number of hours every week, so the evidence allows some leeway in terms of a specific finding on his income from employment. Based on the record as a whole, however, we find that husband works 32 hours per week, at a rate of $14.50 per hour, with *703 resulting income from employment of $2,010.67 per month. See OAR 137-050-0715(9) (regarding calculation of "monthly income"). That is the figure that should be used as husband's income from employment for purposes of calculating child support.[1] We note that that finding does not depend on any demeanor-based credibility assessment. The only relevant evidence regarding husband's employment income came from husband himself. All of that evidence was consistent, except for the second page of his USD, which, on this record, it is apparent contains an error.[2]
Reversed and remanded for recalculation of child support; otherwise affirmed.

Our decision does not affect other aspects of husband's income calculation, such as the calculation of his veterans' benefits, or any other aspects of the child support calculation.

On appeal, husband has not offered any plausible explanation for the discrepancy between his testimony and paystubs and the second page of his USD. He simply urges us not to take de novo review and then to affirm because the USD provides some evidence for the trial court's ruling. Alternatively, he argues that the issue is unpreserved. We are unpersuaded by either argument.