Submitted June 17, affirmed July 28, petition for review denied October 14, 2021 (368 Or 637)

In the Matter of A. H.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

T. H.,
*Appellant.*

Douglas County Circuit Court
19JU00936, 19JU00937;
A175310 (Control), A175311

496 P3d 704

Father appeals two juvenile court judgments asserting dependency jurisdiction over his two daughters. After a contested trial, the juvenile court asserted jurisdiction over the children, based on father having sexually abused one of the children four years earlier and mother being unable to protect the children. Father assigns error to the assertion of dependency jurisdiction. He seeks *de novo* review, particularly as to the sexual abuse finding. Father acknowledges that, given the normal standard of review, his success on appeal is dependent on *de novo* review. *Held*: The Court of Appeals declined to conduct *de novo* review where the issue of whether the children were sexually abused was highly contested, the juvenile court made express factual findings, its rulings comported with its findings, and the juvenile court was acutely aware that its resolution of that factual dispute would be critical to its disposition. Under the circumstances, the Court of Appeals declined to substitute its judgment for that of the juvenile court.

Affirmed.

Jason R. Thomas, Judge pro tempore.

George W. Kelly filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Patricia G. Rincon, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, and Aoyagi, Judge, and Hadlock, Judge pro tempore.

AOYAGI, J.

Affirmed.

## AOYAGI, J.

Father appeals two judgments asserting juvenile dependency jurisdiction over his two daughters, AM, born 2011, and AL, born 2013. After a contested trial, the juvenile court asserted jurisdiction over AM on the basis that father had sexually abused her four years earlier and that mother was unable to protect AM. The court asserted jurisdiction over the younger daughter, AL, on the basis that father's sexual abuse of AM created a risk to AL and that mother was unable to protect AL.

In announcing its decision, the juvenile court recognized that the case came down to a credibility contest between father, who denied any sexual abuse, and AM, who claimed abuse. According to the court, there were some issues with AM's credibility, including the possibility (but no direct evidence) that mother or other adults had "tainted" AM's memory; however, AM came across as credible when she testified at the dependency trial, and, from the court's perspective, AM had no reason to lie about being sexually abused. Meanwhile, the court explained that, as the "accused party," father had "a reason to lie if the accusation were true," although nothing in father's demeanor suggested to the court that he was lying or giving a false account when he denied any abuse having occurred. As for mother, the court noted that her testimony was not a major factor in its decision, but that mother's demeanor was "not as credible overall," and that mother had a motive to lie in that there would be a benefit to her (presumably related to custody) if DHS prevailed.

Ultimately, the juvenile court suggested that "[AM's] lack of motive versus * * * what would be a motive for [father] to lie" tipped the scales in favor of believing AM over father. Emphasizing that the standard was a preponderance of the evidence, the court found that it was "more likely than not" that father had sexually abused AM. The court noted that, "in a criminal case, there would be a lot of problems here, because I certainly have reasonable doubt about the factual basis here." However, the court was persuaded to believe AM under a preponderance standard. As for AL, the court viewed the evidence as "considerably less clear" as to her,

leading it to find that the state had not proved its allegation that father had sexually abused AL.

On appeal, father assigns error to the juvenile court's assertion of dependency jurisdiction over the children. He seeks *de novo* review, particularly as to the juvenile court's factual finding that father sexually abused AM, which provides the factual foundation for both dependency judgments. *See* ORS 19.415(3)(b) ("Upon an appeal in an equitable action or proceeding other than an appeal from a judgment in a proceeding for the termination of parental rights, the Court of Appeals, acting in its sole discretion, may try the cause anew upon the record *or make one or more factual findings anew upon the record.*" (Emphasis added.)).

We are unpersuaded that *de novo* review is appropriate in this case. *See id.* (granting us "sole discretion" regarding *de novo* review); ORAP 5.40(8)(c) (limiting *de novo* review to "exceptional cases"). The juvenile court made express factual findings, including demeanor-based credibility findings; its decision comports with its express factual findings; and the juvenile court was acutely aware of the disputed factual issue and its importance to the ultimate disposition of the case. *See* ORAP 5.40(8)(d) (identifying several nonexclusive and nonbinding considerations that may be relevant to our decision whether to exercise *de novo* review in a case). Moreover, this is not a case where the evidence so strongly favors a different outcome that we are willing to substitute our judgment for that of the lower court by conducting *de novo* review. *Cf. Bush and Bush*, 297 Or App 699, 702, 444 P3d 1133 (2019) (exercising our discretion to conduct *de novo* review, where the trial court made a crucial factual finding that did not comport with the evidence in the record, but there was some evidence to support it, such that it would be binding absent *de novo* review); *Dept. of Human Services v. B. B.*, 248 Or App 715, 718, 274 P3d 242, *adh'd to on recons*, 250 Or App 566, 281 P3d 653 (2012) (exercising our discretion to make new factual findings, "because the trial court's most important factual findings either plainly do not comport with uncontroverted evidence in the record or are inconsistent with other express factual findings").

This case is a credibility contest in the truest sense. In some ways, it is the type of case that demonstrates the inherent limitations of the factfinding process. During a trial, the parties put forward evidence, based on which the factfinder makes findings of fact, which in turn are used to determine the correct outcome by applying the relevant law to the found facts. In a perfect world, the facts as found by the factfinder would always reflect exactly what actually occurred. Of course, in the real world, that will not always be the case. Ultimately, a factfinder can only do their best to discern the truth from the evidence that is available—and, in some cases, the particular burden of proof that applies in the particular legal proceeding may be dispositive, as the juvenile court made clear was the situation here.

In a close case that comes down to a credibility contest between a parent and a child, we are in no better position than the juvenile court to discern the objective "truth" of what actually occurred. We are therefore unlikely to substitute our judgment for the juvenile court's in such a case, even though we could,[1] because, at least absent unusual circumstances, we would simply be reweighing conflicting evidence regarding a disputed issue. For that reason, we decline to conduct *de novo* review in this case.

As father recognizes, our decision not to conduct *de novo* review is fatal to his claim of error, because the evidence in the record allowed the juvenile court to make the finding that it did regarding AM, even if the record did not compel that finding. Except when conducting *de novo* review, we "view the evidence, as supplemented and buttressed by permissible derivative inferences, in the light most favorable to the juvenile court's disposition and assess whether, when so viewed, the record was legally sufficient to permit that outcome." *Dept. of Human Services v. N. P.*, 257 Or App 633, 639, 307 P3d 444 (2013). Under that standard, we are bound

---

[1] *See State ex rel Juv. Dept. v. G. P.*, 131 Or App 313, 319, 884 P2d 885 (1994) (recognizing that, even on *de novo* review, we "give deference to the trial court's credibility findings," but that "[t]he degree of deference we give varies with the importance of the trial court's opportunity to observe the witnesses and our ability to discern the trial court's specific credibility determination," and that "this court is as well equipped as the trial court to make [a] credibility determination" that is "based on a comparison of the witness' testimony with the substance of other evidence").

by the juvenile court's findings of historical fact if they "are supported by any evidence in the record." *Id*. Here, in his opening brief, father correctly acknowledges "that the record has evidence to support the finding that he sexually abused [AM]," such that, "[n]ecessarily, this assignment of error can succeed only if this court reviews *de novo*." Accordingly, we affirm the juvenile court's judgments asserting dependency jurisdiction over AM and AL.[2]

Affirmed.

---

[2] Given the nature of the proceeding, we note that the children *believe* that father sexually abused them, as father acknowledges, and that they have suffered serious harm as a result, as the record demonstrates. As wards of the court, they will hopefully benefit from the services available to them and their parents. *See Dept. of Human Services v. T. L. H. S.*, 292 Or App 708, 715, 425 P3d 775 (2018) ("Juvenile dependency proceedings are not punitive in nature. Their sole purpose is to protect children.").