Submitted April 26, affirmed June 15, 2022

In the Matter of H. H.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

R. H.,
*Appellant.*

Coos County Circuit Court
20JU06410; A176617 (Control)

In the Matter of C. H.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

R. H.,
*Appellant.*

Coos County Circuit Court
20JU06411; A176618

512 P3d 1279

Father appeals a juvenile court judgment establishing dependency jurisdiction over his two children, C and H. After a contested jurisdictional hearing, the court concluded that DHS had proved four jurisdictional allegations as to each child: that father sexually abused C (creating a risk to both C and H), that father leaves the children with unsafe care providers, that father lacks the parenting skills necessary to safely parent the children, and that father has exposed the children to domestic violence. Father contends that the court erred in asserting jurisdiction over each child. Father requests discretionary *de novo* review, particularly as related to the jurisdictional finding on sexual abuse. *Held*: The juvenile court did not err in asserting jurisdiction over each child. The Court of Appeals declined to exercise discretionary *de novo* review. Under the normal standard of review, the juvenile court's sexual-abuse findings were supported by legally sufficient evidence. It follows that the juvenile court did not err in asserting dependency jurisdiction over the children. As for the other jurisdictional bases, father's challenge to those bases was contingent on his prevailing on the sexual-abuse basis.

Affirmed.

Megan Jacquot, Judge.

G. Aron Perez-Selsky and Michael J. Wallace filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Inge D. Wells, Assistant Attorney General, filed the brief for respondent.

Before James, Presiding Judge, and Aoyagi, Judge, and Joyce, Judge.

AOYAGI, J.

Affirmed.

**AOYAGI, J.**

Father appeals a juvenile court judgment establishing dependency jurisdiction over his two children, C and H. In his first assignment of error, father contends that the court erred in asserting jurisdiction over C. In his second assignment of error, father contends that the court erred in asserting jurisdiction over H. For the following reasons, we affirm.

The Department of Human Services (DHS) filed a petition with the juvenile court alleging that conditions or circumstances were endangering C's and H's welfare so as to bring the children within the court's jurisdiction under ORS 419B.100(1)(c). A contested jurisdictional hearing was held, after which the court concluded that DHS had proved four jurisdictional allegations as to each child: that father sexually abused C (creating a risk to both C and H), that father leaves the children with unsafe care providers, that father lacks the parenting skills necessary to safely parent the children, and that father has exposed the children to domestic violence.[1]

Father requests *de novo* review on appeal, particularly with respect to the sexual abuse finding. *De novo* review may be requested in this circumstance. *See* ORS 19.415(3)(b) (allowing discretionary *de novo* review in "an equitable action or proceeding other than an appeal from a judgment in a proceeding for the termination of parental rights"). However, it is in our "sole discretion" whether to grant *de novo* review, *id.*, and we exercise that discretion only in "exceptional cases," ORAP 5.40(8)(c). We are unpersuaded that *de novo* review is warranted in this case. *Cf. Dept. of Human Services v. T. H.*, 313 Or App 560, 562, 496 P3d 704, *rev den*, 368 Or 637 (2021) (denying *de novo* review in similar circumstances).

Rather than make new factual findings on appeal, we therefore "view the evidence, as supplemented and buttressed by permissible derivative inferences, in the light most favorable to the trial court's disposition and assess

---

[1] Mother admitted to certain allegations as to her, and she is not a party to this appeal. We limit our discussion to the jurisdictional bases regarding father.

whether, when so viewed, the record was legally sufficient to permit that outcome." *Dept. of Human Services v. N. P.*, 257 Or App 633, 639, 307 P3d 444 (2013). Viewed in that light, we conclude that the evidence in the record—which we do not describe, as doing so would be of little benefit to the parties, the bench, or the bar—was legally sufficient to allow the trial court's finding regarding sexual abuse.

As for the other three jurisdictional bases—unsafe care providers, lack of parenting skills, and domestic violence—father does not appear to seek independent review of those findings. When a juvenile court makes multiple findings in support of dependency jurisdiction, a parent who appeals the dependency judgment may choose to challenge only the ultimate ruling on dependency jurisdiction—in which case we will affirm if the evidence supports any one jurisdictional basis—or may choose to challenge individual jurisdictional findings independent of the ultimate ruling that dependency jurisdiction exists. In the latter case, we may reverse individual jurisdictional findings even if we affirm the ultimate ruling on dependency jurisdiction. *See, e.g.*, *Dept. of Human Services v. T. N. M.*, 315 Or App 160, 168, 501 P3d 76 (2021) (concluding that the evidence was sufficient to support jurisdictional allegations A and F, but insufficient to support allegations B, C, D, and E, and therefore reversing in part and remanding for entry of "a judgment establishing jurisdiction based on allegations A and F only" and for the removal of "any dispositional orders relating to allegations B, C, D, or E").

Here, father assigns error only to the ultimate ruling on dependency jurisdiction as to each child, without separately assigning error to any individual jurisdictional findings. Father identifies a single "question presented," which is whether there was sufficient evidence to establish jurisdiction. In his argument, father addresses each jurisdictional finding—as he must to challenge the ultimate jurisdictional ruling, *see Roop v. Parker Northwest Paving Co.*, 194 Or App 219, 236, 94 P3d 885 (2004), *rev den*, 38 Or 374 (2005)—but he focuses on the sexual abuse finding and, when he reaches the other findings, signals that we need review them only if we have overturned the sexual abuse finding. Specifically, after addressing the sexual abuse finding, he prefaces his

arguments regarding the other jurisdictional findings with the statement that, "*without the finding that father sexually abused one of the children*, the remaining allegations and evidence are insufficient to support jurisdiction." (Emphasis added.) Lastly, father's only request for relief is that we "reverse the jurisdiction judgment."

We take a pragmatic approach to interpreting assignments of error, where interpretation is necessary. *See Village at North Pointe Condo. Assn. v. Bloedel Constr.*, 278 Or App 354, 359-61, 374 P3d 978 (2016). We also recognize that, in this context, it may not be entirely clear what the Oregon Rules of Appellate Procedure require in terms of assigning error to individual jurisdictional findings. Accordingly, we take this opportunity to clarify that, if an appellant wants us to review a particular jurisdictional finding *independent* of our conclusion as to whether dependency jurisdiction exists, the best practice is to assign error to that individual jurisdictional finding (in addition to assigning error to the ultimate jurisdictional ruling),[2] and then incorporate that issue into the questions presented, the argument, and the relief requested. Alternatively, if a party seeks review only of the ultimate jurisdictional ruling as to a child, it is sufficient and compliant with the rules to assign error only to that one ruling.

Here, for the reasons previously described, all indications are that father is seeking review only of the ultimate jurisdictional ruling and the specific jurisdictional finding regarding sexual abuse. We understand his arguments regarding the other jurisdictional findings—unsafe care providers, lack of parenting skills, and domestic violence— to depend on his prevailing on appeal as to the sexual abuse finding. Having affirmed the sexual abuse finding, which alone gives rise to dependency jurisdiction, we therefore do not independently address the other jurisdictional findings.

Affirmed.

---

[2] That approach is consistent with the rules for assigning error. *See* ORAP 5.45(3) ("Each assignment of error must identify precisely the *legal*, procedural, *factual*, or other ruling that is being challenged." (Emphases added.)).