852                     February 12, 2025                     No. 110

*This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).*

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of E. E.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent*,

*v.*

R. L. E.,
*Appellant.*

Union County Circuit Court
23JU06274; A184978 (Control)

In the Matter of Z. E.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

R. L. E.,
*Appellant.*

Union County Circuit Court
23JU06275; A184979

In the Matter of Z. E.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

R. L. E.,
*Appellant.*

Union County Circuit Court
23JU06276; A184980

Wes Williams, Judge.

Submitted January 14, 2025.

Aron Perez-Selsky filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and E. Nani Apo, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, Kamins, Judge, and Jacquot, Judge.

JACQUOT, J.

Affirmed.

**JACQUOT, J.**

Father appeals from a juvenile court judgment and assigns error to the court's exercise of dependency jurisdiction over each of his three children. Father makes three arguments: (1) that there was insufficient evidence in the record to support the allegations against him, (2) that there was not a current risk of harm to the children at the time of the trial, and (3) that there was insufficient evidence in the record to prove the allegations against mother. Father is receiving competency restoration services at the Oregon State Hospital and acknowledges he is unable to personally parent his children, ages seven, five, and two. The juvenile court accepted admissions from mother prior to the hearing.[1] We conclude that the record supports the juvenile court's findings and the exercise of jurisdiction and therefore affirm.

We have discretion to review a juvenile dependency proceeding *de novo* in exceptional cases. *See Dept. of Human Services v. R. H.*, 320 Or App 383, 385, 512 P3d 1279 (2022) (citing ORS 19.415(3)(b); ORAP 5.40(8)(c)). Father does not request *de novo* review and we do not exercise it. In the absence of *de novo* review of a juvenile court's determination of dependency jurisdiction, we:

> "(1) assume the correctness of the juvenile court's explicit findings of historical fact if these findings are supported by any evidence in the record; (2) further assume that, if the juvenile court did not explicitly resolve a disputed issue of material fact and it could have reached the disposition that it reached only if it resolved that issue in one way, the court implicitly resolved the issue consistently with that disposition; and (3) assess whether the combination of (1) and (2), along with nonspeculative inferences, was legally sufficient to permit the trial court to determine that ORS 419B.100(1)(c) was satisfied."

*Dept. of Human Services v. N. P.*, 257 Or App 633, 639-40, 307 P3d 444 (2013).

We begin with father's preserved argument that the evidence offered to prove the parts of the petition against him was insufficient. Having reviewed the record, there is

---

[1] Mother does not appeal.

evidence—including father's own testimony and exhibits admitted by stipulation—to support each of the juvenile court's findings.

Addressing father's preserved argument that there was not a current threat of serious harm reasonably likely to be realized at the time of the hearing, the record contains evidence to support an inference that the risk to the children had not dissipated by the time of the hearing. Two of the children had already suffered educational difficulties, and the oldest child had special needs. The child psychologist's testimony predicted future negative impacts to the children if they were not cared for by stable, skilled caregivers modeling positive behaviors.

We turn to father's challenge to the sufficiency of the evidence that mother poses a risk to the children. That argument is not preserved. We may exercise discretion to review unpreserved arguments if the error is plain. ORAP 5.45(1); *State v. Reynolds*, 250 Or App 516, 519-20, 280 P3d 1046, *rev den*, 352 Or 666 (2012). An error is plain when it is an error of law, obvious and not reasonably in dispute, and appears on the face of the record. *Id.*

We have previously required that even if a parent makes factual admissions, the juvenile court must determine that those facts show a threat to the child of the required type, severity, and duration to justify the department's interference in the family pursuant to ORS 419B.100(1) (c). *Dept. of Human Services v. W. A. C.*, 263 Or App 382, 398-99, 328 P3d 769 (2014). Because we evaluate the threat of harm to *the child*, we have allowed each parent or caregiver to challenge the sufficiency of the evidence involving the other parent and whether the totality of circumstances make it reasonably likely that a child will suffer serious loss or injury in the child's home situation without state involvement. *Id.* at 392 (accepting department's concession that, "if a child has a parent capable of caring for him safely, juvenile court jurisdiction is not warranted").

At trial, father argued that the facts admitted to by mother did not show a threat of harm to the children, because mother testified that she intended to leave the kids

in their relative foster placement voluntarily until she was able to get "stabilized." That argument did not alert the juvenile court to the argument father advances on appeal: that the state did not prove the facts contained in her admissions, which stated,

> "Mother needs assistance from the agency with services to understand how to parent and take responsibility for the child's emotional, developmental and well-being, including appropriate housing, education and medical care."

And,

> "Mother, due to mental health and drug and alcohol concerns, needs assistance from the agency to help recognize safe and/or unsafe individuals, without such puts the child at risk of harm."

There is not much evidence in this record about mother's mental health and substance abuse at the time of trial, because her part of the jurisdictional petition had been resolved by the above admissions. At trial, father testified that mother was not a safe parent and filed his own petition with allegations against mother similar to the department's allegations, but he argued in closing that the children did not need to be protected from mother or father, because mother was going to leave them with her relative until she stabilized.

We decline to address father's argument as plain error for several reasons. First, the purposes of preservation were not served.[2] Had father alerted the court and the department that he was making the latter argument about the sufficiency of evidence, the record would have developed differently—mother, who testified in the trial, could have been asked additional questions about her substance abuse and mental health issues. Second, father did not request plain error review. *State v. Atwood*, 332 Or App 495, 498 n 2,

---

[2] "[W]hether the policies behind the general rule requiring preservation of error have been served" may factor into our decision whether to exercise discretion for plain error review. *Reynolds*, 250 Or App at 521. Policies underlying preservation include, among others, allowing the trial court an opportunity to consider a contention, correct errors, and "to foster a full development of the record." *State v. Clemente-Perez*, 357 Or 745, 752, 359 P3d 232 (2015).

549 P3d 51 (2024) ("[W]e normally will not exercise * * * discretion [to correct a plain error] in the absence of an explicit request for plain-error review and concomitant plain-error arguments."). Third, father invited the error by asking the court to establish jurisdiction on the same issues included in his own petition against mother. *See State v. Kammeyer*, 226 Or App 210, 214, 203 P3d 274, *rev den*, 346 Or 590 (2009) ("Under the invited error doctrine, a party who was actively instrumental in bringing about an alleged error cannot be heard to complain, and the case ought not to be reversed because of it." (Internal quotation marks omitted.)).

Finally, there is evidence in the record sufficient to affirm the jurisdictional decision as to mother based on evidence of the multiple unsafe people who assaulted the oldest child while in mother's care shortly before the department became involved, regardless of whether mother's judgment to allow the child to be around those individuals was due to mental health, substance abuse, or something else. The issue father complains of could only lead to a modification of the treatment or training the court could order mother to participate in, and mother does not appeal. Father's children would continue to be in state care even if we corrected any alleged error.

Affirmed.