No. 165　　　　February 25, 2026　　　　517

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of R. F.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

J. S. F.,
*Appellant.*

Multnomah County Circuit Court
24JU00148;
Petition Number
114967;
A187149 (Control)

In the Matter of S. F.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

J. S. F.,
*Appellant.*

Multnomah County Circuit Court
24JU00149;
Petition Number
114967;
A187150

Francis G. Troy II, Judge

Submitted November 20, 2025.

Aron Perez-Selsky filed the brief for appellant.

Dan Rayfield, Attorney General, Benjamin Gutman, Interim Deputy Attorney General, and Patricia G. Rincon, Assistant Attorney General, filed the brief for respondent.

Before Aoyagi, Presiding Judge, Egan, Judge, and Pagán, Judge.

AOYAGI, P. J.

Affirmed.

## AOYAGI, P. J.

Father appeals juvenile court judgments asserting dependency jurisdiction over his son R, born in 2020, and his daughter S, born in 2022. Mother is not a party to this appeal, so we limit our discussion to the jurisdictional bases pertaining to father. After a contested hearing, the juvenile court asserted jurisdiction over the children on the bases that father (1) failed to maintain a safe environment for R and S because he allowed them to live in an unsafe home, placing them at risk of harm, and (2) sexually abused another child—P, born in 2018, who is R's and S's half-sister—placing S at risk of harm if in his care. Father raises two assignments of error on appeal, one for each child. As to each child, he argues that the evidence was legally insufficient to support the assertion of dependency jurisdiction. He alternatively requests *de novo* review of the finding that he sexually abused P. As explained below, we affirm.

The juvenile court is authorized to assert dependency jurisdiction over a child whose condition and circumstances expose the child to a current threat of serious loss or injury that is likely to be realized unless the court asserts dependency jurisdiction. ORS 419B.100(1)(c); *Dept. of Human Services v. A. L.*, 268 Or App 391, 397-98, 342 P3d 174 (2015). The petitioner, usually and in this case the Oregon Department of Human Services (ODHS), bears the burden of proof. *Id.* That burden includes demonstrating a nexus between the allegedly risk-causing conditions and circumstances and a threat of harm to the child of the type, degree, and duration necessary to justify juvenile court intervention into the constitutionally protected family sphere. *Dept. of Human Services v. S. D. I.*, 259 Or App 116, 121, 312 P3d 608 (2013).

*Sexual abuse of another child.* We begin with the juvenile court's finding that father sexually abused P, as relevant to the assertion of dependency jurisdiction over S. Father does not contest that, if he sexually abused P, there would be a current, nonspeculative risk of harm to S. *See State ex rel Juv. Dept. v. T. S.*, 214 Or App 184, 195, 164 P3d 308, *rev den*, 343 Or 363 (2007) (as a general principle, "it is easy to infer the likelihood of harm to a child

by past physical or sexual abuse of other children in the home"). Father argues that the evidence was "insufficient" to make that finding, however, because "[P]'s accusations against father were uncorroborated, lacked detail, and were likely untrue given the circumstances of her disclosures." Alternately, he requests *de novo* review of that finding.

On non-*de novo* review, we "view the evidence, as supplemented and buttressed by permissible derivative inferences, in the light most favorable to the [juvenile] court's disposition and assess whether, when so viewed, the record was legally sufficient to permit that outcome." *Dept. of Human Services v. N. P.*, 257 Or App 633, 639, 307 P3d 444 (2013). Here, having reviewed the record, we conclude that the evidence was legally sufficient to allow a finding that father sexually abused P. P reported sexual abuse by father in two separate forensic interviews and, notwithstanding some variations in her accounts, consistently reported that father touched her genital area with his fingers.

Father alternatively asks us to find on *de novo* review that he did not sexually abuse P. *De novo* review is discretionary in juvenile dependency matters other than termination of parental rights, ORS 19.415(3)(b) and, as a general matter, is limited to "exceptional cases," ORAP 5.40(8)(c).

We are unpersuaded to conduct *de novo* review in this case. The juvenile court made an express finding on a disputed factual issue that it recognized was very important to the disposition. *See* ORAP 5.40(8)(d) (identifying the existence of express findings as one factor that may be relevant in deciding whether to conduct *de novo* review). Because "we are in no better position than the juvenile court to discern the objective 'truth' of what actually occurred," we are "unlikely to substitute our judgment for the juvenile court's in such a case, even though we could, because, at least absent unusual circumstances, we would simply be reweighing conflicting evidence regarding a disputed issue." *Dept. of Human Services v. T. H.*, 313 Or App 560, 563, 496 P3d 704, *rev den*, 368 Or 637 (2021) (footnote omitted). There is nothing about the evidentiary record in this case or the juvenile court's reasoning in this case that makes it an outlier or

otherwise causes us the type of concern that might warrant *de novo* review. Also, as in *T. H.*, which involved similar circumstances, "this is not a case where the evidence so strongly favors a different outcome that we are willing to substitute our judgment for that of the lower court by conducting *de novo* review." *Id.* at 562. We therefore decline *de novo* review, and we affirm the juvenile court's finding regarding P. It follows that we affirm the assertion of dependency jurisdiction over S.

*Unsafe home.* Father next argues that the evidence was legally insufficient to assert dependency jurisdiction over R and S based on father failing to maintain a safe environment for them by allowing them to live in an unsafe home. Father argues that the "home was clean and habitable at the time of the hearing." The difficulty with that argument is that, although ODHS included unsanitary conditions in the pleaded allegation, the juvenile court did not take jurisdiction on that basis. The court explained that it was not persuaded on that issue, given the evidence, and therefore was "striking the word 'unsanitary' from that allegation." As we understand it, at least as to father, the found jurisdictional basis regarding an unsafe home pertains only to an unsecured firearm to which the children had access. Father has not challenged that finding or jurisdictional basis, which applied to both R and S. *Dept. of Human Services v. E. M. S. M.*, 339 Or App 620, 625, 568 P3d 1004 (2025) (explaining that we will not address jurisdictional bases as to which the appellant has provided no argument). We therefore affirm the taking of dependency jurisdiction over both children.

Affirmed.