Argued and submitted May 15, affirmed August 30, 1989

In the Matter of the Marriage of

REITMEIER,
*Respondent,*
*and*

REITMEIER,
*Appellant.*

(D87-0384; CA A47702)

778 P2d 962

Appeal from Circuit Court, Washington County.

Jeffrey S. Matthews, Portland, argued the cause for respondent. With him on the brief was Gevurtz, Menashe & Hergert, Portland.

Before Richardson, Presiding Judge, and Joseph, Chief Judge, and Graber, Judge.

JOSEPH, C. J.

## JOSEPH, C. J.

Wife appeals a judgment denying her attorney fees and costs in this dissolution proceeding.[1] She argues that the trial court erred "in denying [her] fee application on the [stated] grounds that there are no guidelines to aid the court in its determination of whether to make such an award" and that she should "have been awarded attorney fees and costs in light of the parties' financial circumstances, their relative responsibility for the litigation and their relative success." On *de novo* review, we affirm.

The trial court did use the correct guidelines in deciding not to award fees and costs to wife. *See Haguewood and Haguewood,* 292 Or 197, 212-13, 638 P2d 1135 (1981). The trial court said:

> "Under ORS [107.105(1)(i)] it appears to me as though I have jurisdiction to enter judgment against one party for reasonably and necessarily incurred fees and costs necessitated to prosecute or defend this suit. There are virtually no criteria available in the statute pertaining to the use of my discretion. However, after a review of all the facts of this case, it appears to me as though the most equitable decision is to simply leave the parties as they stand and therefore I am denying motions for attorney fees and costs."

■■ Although we exercise *de novo* review in dissolution cases, whether to award attorney fees and costs is a matter largely in the trial court's discretion. *Turner v. Turner,* 237 Or 39, 40-41, 390 P2d 360 (1964); *Haguewood and Haguewood, supra.* In *Haguewood,* the Supreme Court recognized that ORS 107.105(1)(i)[2] grants discretion in awarding attorney fees and costs, but does not direct when or how that discretion is to be exercised. An attorney fee award is a component of the overall equitable adjustments consequent on a dissolution. "If neither party has the resources, whether in the form of assets or earning power, to pay the costs of litigation, it would be inequitable to require either to pay the costs of the other. On the other hand, if the parties are equally able to bear the costs

---

[1] We dismissed the appeal from the dissolution judgment itself when wife failed to file an undertaking and accepted the benefits of the judgment. Husband later dismissed his cross-appeal.

[2] In *Haguewood,* the court discussed *former* ORS 107.105(1)(h), which is virtually identical to ORS 107.105(1)(i).

of litigation, an order for one to pay the other's costs would not be equitable." 292 Or at 213.

■ Wife argues that her share of the property division was less than husband's and, as a result, she should be awarded attorney fees and costs. Husband argues that the property division is essentially equal and that, given the spousal support in addition, wife is in a better position than husband. The difficulty with both arguments is that the dissolution judgment does not state values and, in this appeal from only the judgment on attorney fees and costs, we do not have before us the record that would allow us to review the values. Therefore, it is not possible to determine whether the asset division was disproportionately in favor of husband. The court, however, gave wife a judgment for $20,000 "[i]n order to equalize the property division," which supports an inference that the court in fact made its distribution on the basis of assigning values to assets and arriving at a balance. Without a record showing the contrary, we assume that the trial court properly performed its function.

Wife also argues that husband and his attorneys caused delays in discovery, attempted to intimidate wife and caused the cost of litigation to increase through their wrongful conduct. Husband argues that wife's attorney caused the expenses of the litigation to increase by intentionally being difficult to work with. There is a legitimate question regarding the conduct of both sides in this case, and that did not escape the trial judge. In a letter opinion to the parties he commented that he had rarely, if ever, seen such rancor in a case.

The trial court properly reviewed all the facts and decided that the most equitable thing to do would be to require the parties to pay their respective attorney fees and costs. We agree. Wife received liquid assets in the property distribution and is in a reasonable position to pay her own litigation expenses at the trial level.

Affirmed. Costs, not including attorney fees, to husband.