Argued and submitted November 13, 1992, motion to determine jurisdiction allowed; affirmed on appeal; attorney fees modified on cross-appeal; otherwise affirmed March 3, 1993

In the Matter of the Marriage of

Jeffrey S. WEINER,
*Appellant - Cross-Respondent,*

*and*

Susan Diane WEINER,
aka Susan Diane Esposito,
*Respondent - Cross-Appellant.*

(90-DO-0104-MS; CA A70112)

848 P2d 122

John R. Faust, Jr., Portland, argued the cause for appellant - cross-respondent. On the opening brief were Benjamin S. Waxman and Weiner, Robbins, Tunkey, Ross, Amsel & Raben, P.A., Miami, Florida. On the reply brief were John R. Faust, Jr., and Schwabe, Williamson & Wyatt, Portland, and Benjamin J. Waxman, Miami, Florida.

Judith F. Steigler, Bend, argued the cause and filed the brief for respondent - cross-appellant.

Before Richardson, Chief Judge, and Deits and Durham, Judges.

DURHAM, J.

## DURHAM, J.

Father appeals from a trial court order denying his motion to modify the dissolution judgment to change custody of the parties' minor daughter from mother to him. Father filed a purported notice of appeal in the circuit court from the court's award of attorney fees to mother. She cross-appeals from the attorney fee award. On *de novo* review, we affirm on appeal and modify the judgment on cross-appeal.

■ Father has moved for us to determine whether we have jurisdiction of the appeal from the custody order. We allow the motion. The court's custody order is appealable as a "final order affecting a substantial right, and made in a proceeding after judgment or decree." ORS 19.010(2)(c). The order was final even though it did not dispose of the dispute over attorney fees. ORS 19.033(1). Father timely filed a motion for new trial and timely appealed when that motion was denied. ORCP 64F. We have jurisdiction of the appeal from the court's custody order.

■■ We have reviewed the record and agree with the trial court that changing custody from mother to father does not serve the best interests and welfare of the child. The child is now six years old. The trial court found that she has a closer bond with mother than with father. Mother lives in Oregon. Father lives in Florida. The child has lived in Oregon with mother for all but the first seven months of her life, when she lived with mother and father in Florida. The trial court found that a change of custody would be traumatic for the child. We accord substantial weight to the trial court's resolution of the factual issues presented here, because of its superior opportunity to observe the witnesses. *Langley v. Logan*, 99 Or App 619, 623, 783 P2d 1017 (1989); *Starin and Starin*, 29 Or App 557, 559, 564 P2d 748, *rev den* 279 Or 191 (1977). The court correctly applied ORS 107.137. We see no benefit to the parties, bench or bar of a more detailed recital of the evidence in the record of this 17-day hearing.

We have no jurisdiction over father's purported appeal from the order regarding attorney fees. His notice of appeal from that order was filed in the Circuit Court for

Deschutes County, not this court.[1] He did not file a notice of appeal from the order in this court. That is a jurisdictional defect. ORS 19.023(3); ORS 19.033(2)(b); *Zacker v. North Tillamook County Hospital Dist.*, 312 Or 330, 336, 822 P2d 1143 (1991).

■     In her cross-appeal, mother contends that the court erred in awarding her only $30,000 for attorney fees. The proceeding concerned visitation and custody issues. Father hired several attorneys and mounted a Herculean litigation effort. Mother was required to respond. She hired two attorneys who met father's trial tactics step for step. The depositions, the trial, pre-trial and post-trial hearings and motions consumed 28 days. Nearly 50 witnesses, including 12 experts, were called. The parties spent themselves into dire financial circumstances. Father prevailed on the visitation issue and mother prevailed on the custody issue. Mother represented that her attorneys charged $70,000 and $44,000, for a total of $114,000. Although father is in debt, he has a high earning capacity and will be able to pay his debts. Mother does not have significant earning potential. The court relied on evidence that one attorney could have adequately represented wife and that a reasonable fee for the proceeding would be $45,000 to $50,000. Mother contends that the court's award of $30,000 is not adequate, because she was required to respond to father's legal onslaught. Father responds that the court's award is reasonable, because each party prevailed on a significant issue.

The trial court concluded that mother should recover attorney fees that are reasonably and necessarily incurred. ORS 107.135(7). However, we are persuaded that the court's award does not satisfy that objective and should be increased. Although father prevailed in obtaining a visitation schedule, mother prevailed on the issue of greater consequence, child custody. The undue complexity of this case and the magnitude of the parties' legal bills is largely father's responsibility. Mother is not capable of generating the income necessary to pay her legal bills. The trial court accepted evidence that one lawyer could have tried this case for a reasonable fee of $45,000 to $50,000. Taking these facts into consideration, we

---

[1] Father's counsel for oral argument did not file the notice of appeal.

conclude that the trial court abused its discretion and should have awarded an attorney fee of $45,000 to mother. *Reitmeier and Reitmeier*, 98 Or App 58, 60, 778 P2d 962 (1989).

Motion to determine jurisdiction allowed; the court has jurisdiction of father's appeal from the custody order. Affirmed on appeal. Father's purported appeal from judgment for attorney fees determined not to have been filed. On cross-appeal, judgment for attorney fees to mother increased to $45,000; otherwise affirmed. Costs to mother on appeal and cross-appeal.