Argued and submitted September 22, 2020, vacated and remanded May 12, 2021

Harold ANDERSON,
Trustee, Jill Anderson Family Trust,
*Plaintiff-Respondent,*

*v.*

Michele SULLIVAN,
*Defendant-Appellant.*

Douglas County Circuit Court
19LT00394; A171290

492 P3d 118

In this residential forcible entry and detainer (FED) action, plaintiff's claim was dismissed based on a defective termination notice, after which defendant requested that the trial court exercise its discretion to award her $3,660 in attorney fees under ORS 90.255. Plaintiff objected to defendant's fee statement, and defendant responded to plaintiff's objections. Defendant then requested an additional $4,070 in attorney fees for the time spent responding to plaintiff's objections, *i.e.*, "fees on fees." The trial court awarded defendant $2,460 in attorney fees for defending the FED action and no fees on fees. Defendant appeals. First, she argues that the trial court erred in awarding her $600 for attorney travel time instead of the $1,800 that she had requested. Second, she argues that the trial court erred in awarding her no fees on fees. Third, she argues that the trial court made an inadequate record of its reasoning. *Held*: The trial court made an adequate record of its reasoning, and it did not abuse its discretion by awarding less attorney fees for travel time than defendant had requested. Its decision to award no fees on fees relied on a mistaken legal premise, however, requiring remand for further proceedings.

Vacated and remanded.

Jason R. Thomas, Judge pro tempore.

Harry D. Ainsworth argued the cause and filed the brief for appellant.

Stephen Mountainspring argued the cause and filed the brief for respondent.

Before Armstrong, Presiding Judge, and Tookey, Judge, and Aoyagi, Judge.

AOYAGI, J.

Vacated and remanded.

**AOYAGI, J.**

In this residential forcible entry and detainer (FED) action, defendant appeals the trial court's decision to award her discretionary attorney fees in a lesser amount than she had requested. Specifically, defendant contends that the trial court erred by (1) awarding her one-third of the amount requested for attorney travel time between Portland and Roseburg, (2) not awarding her any attorney fees to respond to plaintiff's objections to her fee statement, and (3) failing to put its findings and conclusions on the record in sufficient detail to enable meaningful appellate review or to inform the parties of its reasoning. We conclude that the trial court erred only in connection with the second issue. We vacate and remand for further proceedings.

FACTS

Defendant rented a house from plaintiff. Plaintiff issued a 30-day notice of intent to terminate without stated cause. *See* ORS 90.427. When defendant did not leave, plaintiff filed an FED action. On the day of trial, after hearing initial arguments but without holding a full trial, the trial court stated its intention to dismiss the action due to a defect in plaintiff's termination notice. Upon dismissal of the action, defendant moved for a discretionary award of attorney fees under ORS 90.255, requesting $3,660. That amount included $1,800 for time that defendant's Portland-based attorney spent travelling to and from Roseburg on the day of trial, based on six hours at $300 an hour.

Plaintiff filed objections to the fee statement. Plaintiff asked the court to exercise its discretion not to award any fees, pointing out that he had been unrepresented when he sent the termination notice and that the case was "dismissed on a technical basis." Alternatively, plaintiff argued for a lesser award, asserting that the $300 hourly rate was unreasonable, that the amount of travel time was unreasonable, that a 0.2 hour charge for a "notice of appeal" should be denied because there was no notice of appeal, that a 0.4 hour charge for drafting an unspecified declaration should be denied due to lack of indication of filing, and that a 0.6 hour charge for post-trial matters should be denied.

Plaintiff attached a declaration in which, among other things, his attorney (who practices in Roseburg) attested to a trend in recent years of Portland attorneys coming to Roseburg to represent tenants and then seeking hefty fees for travel time.

Defendant filed a fulsome response to plaintiff's objections. Defendant argued that, without counsel, she would have been evicted, because the notice defect was not obvious. She defended her attorney's hourly rate, providing extensive information about the hourly rates of other attorneys who had appeared in FED actions in Douglas County and nearby counties, ranging from $175 to $350, and noting her attorney's substantial FED experience, having appeared in thousands of FED actions and tried hundreds. As to travel time, defendant cited other FED actions in which travel time had been allowed, and she argued that, given the difficulty of finding Douglas County attorneys willing to represent tenants for free or on a contingent-fee basis, travel time should be paid in full so that out-of-town attorneys remain willing to represent local tenants. Finally, defendant explained that the "notice of appeal" line item was a mistake and should have said "notice of appearance"; identified the declarant and the filing date for the challenged declaration-drafting charge; and argued that fees for post-trial matters are routinely allowed.

Two weeks after responding to plaintiff's objections to her fee statement, defendant filed a supplemental fee statement, requesting an additional $4,070 for responding to the objections, *i.e.*, "fees on fees."

After a hearing, the trial court awarded $2,460 in attorney fees to defendant, all from the original fee statement. In a letter opinion, the court explained that it was making a discretionary fee award, that fees could be awarded in full or part based on what was reasonable under the circumstances, and that fees on fees "may be awarded." Addressing the original fee statement, the court acknowledged plaintiff's objection to fees, including his objection about excessiveness, and defendant's position that the requested fees were reasonable. The court noted that both parties had acknowledged the lack of legal representation for tenants in Douglas

County and that the court had already been aware of that situation.[1] In that context, the court addressed defendant's attorney's hourly rate, stating that, although $300 was not a customary hourly rate for an attorney in Douglas County, it was "not necessarily unreasonable" for an FED action "if the tenant needs to seek counsel from out of the local area." The court then identified the facts that it considered significant in deciding that $2,460 was a reasonable fee to award: that the case did not proceed to a full hearing on the merits but, instead, was resolved based on a defective notice; that nothing in the record supported defendant's claim that plaintiff had acted in bad faith or with malice; that defendant prevailed, which argued in favor of some fee award; that the amount sought for travel time "at the full rate of $300 per hour for six hours ($1,800 total)" was "excessive"; and that the number of hours in defendant's fee statement otherwise seemed appropriate.

The trial court separately addressed defendant's request for fees on fees. It said that, with respect to fees on fees, "there are other considerations as well," particularly that "plaintiff was not acting in bad faith to contest the attorney's fees, which the court agrees were more than was warranted in the circumstances" and "simply excessive." The court noted that, even though plaintiff had filed a legally insufficient case, because he was "trying to 'save money' by not having an attorney review the filing or hiring counsel," that did not necessarily mean that defendant's fee request was reasonable. The court ultimately denied any fees on fees, stating that, because plaintiff's objection "was warranted," and, because the court was "awarding something less than was requested, the defendant cannot receive attorney's fees for contesting the objection."

Defendant appeals the supplemental judgment awarding her $2,460 in attorney fees. She raises three assignments of error, as previously described.

---

[1] At the attorney-fee hearing, plaintiff's counsel acknowledged that there is a general shortage of attorneys in Douglas County, which he attributed to a substantial number of retirements in the past ten years, such that the "civil bar is strained to the limits." The trial court subsequently remarked that it too was "aware that there is a shortage of attorneys in Douglas County."

ANALYSIS

In any action on a rental agreement or arising under ORS chapter 90, a trial court "may" award attorney fees to the prevailing party. ORS 90.255; *see also* ORS 20.075 (stating factors that a trial court must consider in deciding whether to make a discretionary fee award and, if so, in what amount). Only "reasonable" fees may be awarded. ORS 20.075(4) ("Nothing in this section authorizes the award of an attorney fee in excess of a reasonable attorney fee."). "[W]hether fees are reasonable is a factual determination that we review for abuse of discretion." *Makarios-Oregon, LLC v. Ross Dress-For-Less, Inc.*, 293 Or App 732, 739, 430 P3d 142, *adh'd to as modified on recons*, 295 Or App 449, 430 P3d 1125 (2018).

We begin with defendant's contention that the trial court failed to put its findings and conclusions on the record in sufficient detail to enable meaningful appellate review or to inform the parties of its reasoning. Under ORCP 68 C(4)(g), a party may request that the trial court "make special findings of fact and state its conclusions of law on the record regarding the issues material to the award or denial of attorney fees." Defendant made that request here, and the trial court issued a written opinion with findings and conclusions. Defendant contends that those findings and conclusions were insufficiently detailed, but we disagree. Focusing on travel time and fees on fees—the only aspects of the fee ruling challenged on appeal—the trial court provided findings and conclusions that were sufficient to explain the reasoning behind its ruling. *See Bruce v. Cascade Collections, Inc.*, 199 Or App 59, 67-68, 110 P3d 587, *rev den*, 339 Or 66 (2005) (remanding a judgment denying fees where the trial court failed to make findings, despite explicit request, and the court's "unadorned observation" that the requested amount was unreasonable "was inadequate to permit meaningful appellate review"); *see also McCarthy v. Oregon Freeze Dry, Inc.*, 327 Or 185, 190-91, 957 P2d 1200 (1998) (stating that adequate findings are those that "describe the relevant facts and legal criteria for the court's decision to award or deny attorney fees in any terms that are sufficiently clear to permit meaningful appellate review"). We therefore reject defendant's third assignment of error.

We next address travel time. Defendant argues that the trial court abused its discretion by awarding her $600 for attorney travel time, rather than the $1,800 that she had requested. Defendant argues—as she did in the trial court—that awarding full attorney fees for travel time is important to ensure that tenants have access to legal representation when local attorneys are unwilling or unable to represent them for free or on a contingent-fee basis. Plaintiff responds that the court did not abuse its discretion. He argues—as he did in the trial court—that it would be unreasonable to award $1,800 in travel time, given that defendant had called only a few Douglas County attorneys and had never contacted a single attorney from Eugene or a nearby county where the lawyers charge lower rates and require much less travel time. The trial court referred to plaintiff's travel-time argument when it took the fee issue under advisement, saying that it was undecided on travel time and wanted to think more about the possibility "that it would be more reasonable for say a Lane County attorney to charge $300 and come down here for an hour" than for a Portland attorney to drive three hours.

We are unpersuaded that the trial court abused its discretion by awarding $600 for travel time. The trial court expressly acknowledged that it is difficult for tenants in Douglas County to obtain local legal representation, and it took that into account in finding that defendant's attorney's hourly rate was reasonable, even though it exceeded the customary hourly rate for an attorney in Douglas County. As to travel time, however, the court found that awarding fees for travel time "at the full rate of $300 per hour for six hours" was excessive, and it awarded $600 as a reasonable amount. Because our review is for abuse of discretion, ORS 20.075(3), the question is whether that amount was in the range of legally permissible outcomes. *See Stonecrest Properties, LLC v. City of Eugene*, 280 Or App 550, 562-63, 382 P3d 539 (2016) (affirming fee award where "the amount awarded was within the range of permissible choices available to the trial court").

We conclude that it was. The trial court was not required as a matter of law to rely on a single consideration—the underfunding of legal aid services and resulting reliance

of low-income tenants on private attorneys susceptible to economic forces—to the exclusion of all others, including individual case circumstances. The trial court might not have abused its discretion if it had awarded more fees for travel time, but neither did it abuse its discretion by awarding $600 for travel time. Where a discretionary decision is in the range of legally permissible outcomes, we will not substitute our judgment for the trial court's as to how best to balance the various considerations in play in making a fee award.[2] *See* ORS 20.075(3) ("In any appeal from the award or denial of an attorney fee subject to this section, the court reviewing the award may not modify the decision of the court in making or denying an award, or the decision of the court as to the amount of the award, except upon a finding of an abuse of discretion.").

Finally, defendant contends that the trial court erred by awarding her no fees on fees, *i.e.*, no fees to respond to plaintiff's objections to her fee statement. Recall that defendant requested $3,660 in attorney fees to defend against the FED action, that she subsequently requested another $4,070 in attorney fees to respond to objections to her $3,660 fee request, and that the trial court awarded $2,460 for the FED defense and zero fees on fees. Defendant argues that the trial court wrongly denied fees on fees "as a matter of law," based on a mistaken belief that its authority to award fees on fees was limited to situations where the prevailing party successfully defeated all objections to a fee request and was awarded the full amount originally requested. Alternatively, defendant argues that the trial court abused its discretion by not awarding any fees on fees, because defendant was awarded most of the fees that she originally requested, because plaintiff's objections were "overstated" and it was reasonable to respond to them, and because it is especially important to defend fee requests in

---

[2] Relatedly, we disagree with defendant that the trial court was wrong to consider the reasonable expectations of landlords with respect to attorney fee exposure when filing good-faith FED claims. We understand the court's comments to go to the larger issue of reasonableness, as well as to the issue of not wanting to deter good-faith claims by making excessive fee awards, particularly in cases dismissed on technical grounds. *See* ORS 20.075(1)(c) (requiring consideration of "[t]he extent to which an award of an attorney fee in the case would deter others from asserting good faith claims or defenses in similar cases").

contingent-fee cases because attorneys will not continue to take such cases unless they are paid.

Considering the trial court's explanation of its ruling in the context of the record as a whole, we agree with defendant that the court based its decision not to award any fees on fees on a mistaken legal premise. Relying on a mistaken legal premise when exercising discretion is error, regardless of whether the trial court would have had discretion to reach the same result based on a correct understanding of the law. *See State v. Romero (A138124)*, 236 Or App 640, 643-44, 237 P3d 894 (2010) (when a trial court's exercise of discretion flows from a mistaken legal premise, its decision does not fall within the range of legally correct choices and does not produce a permissible, legally correct outcome, such that it is an abuse of discretion).

Early in its letter opinion, the trial court recognized in general terms that attorney fees "may be awarded by the court even if the fees are sought in connection with the defending of a request for attorney fees." However, after deciding to award defendant less than she had requested—$2,460, instead of $3,660—the court denied any fees on fees, explaining that, because plaintiff's objection "was warranted" and the court was "awarding something less than was requested, the defendant cannot receive attorney's fees for contesting the objection."

While objecting was warranted, so too was responding—at least in that it seems reasonable to file *some* response. And not all of plaintiff's objections were successful, such that it is at least possible that defendant's response influenced the ultimate fee award. Notably, most of plaintiff's objections were successful. Plaintiff prevailed on his travel-time objection, which was the issue that he briefed the most. His objection to defendant making extra-judicial arguments also succeeded, in that the trial court agreed that there was no evidence that plaintiff had acted in bad faith. Plaintiff's objection about the "notice of appeal" charge spurred defendant to correct an error in her fee statement. And his objection about an unspecified declaration spurred defendant to identify the declaration at issue. On the other hand, plaintiff failed to persuade the trial court that it

should exercise its discretion not to award any fees, that defendant's attorney's hourly rate was too high, or that no fees should be awarded for post-trial work.

Given that defendant defeated at least some of plaintiff's objections, the trial court had discretion to award *some* fees on fees to defendant, even if it might have been inclined to award much less than what was requested. In context, the trial court's statement that "defendant *cannot* receive attorney's fees for contesting the objection" (emphasis added) necessarily suggests a mistaken legal premise as to when fees on fees are available. Although a court may deny fees on fees in connection with unsuccessful aspects of a fee request, it is legally incorrect to say that a party "cannot" recover any fees on fees unless all of the requested fees were awarded. That is, a trial court has legal authority to make a discretionary award of fees on fees for a *partially* successful response to a fee objection. Because the trial court appears to have viewed fees on fees as an all-or-nothing proposition—which it is not—we vacate the supplemental judgment and remand for further consideration of the fee award. That is, having clarified that the trial court has legal authority to award at least some fees on fees, we leave it to the trial court to exercise its discretion whether to do so and, if so, in what amount.

Vacated and remanded.