Argued and submitted September 15, 2022, vacated and remanded
June 14, 2023

Molly SMITH,
*Plaintiff-Respondent,*

*v.*

Tina Pauline JOHNSON,
*Defendant-Appellant.*

Baker County Circuit Court
21LT02316; A176787

532 P3d 527

In this residential forcible entry and detainer action, tenant challenges the attorney-fee award, arguing that the trial court erred in barring fees for the justice court proceedings and setting the per annum interest rate at zero percent. She further contends that the court abused its discretion by improperly weighing the statutory factors enumerated in ORS 20.075, which outlines factors for awarding attorney fees. *Held*: Although the trial court had discretion to award or deny tenant's attorney fees based upon the application of the factors in ORS 20.075, it may not categorically deny fees simply because they were based on work in the justice court. Additionally, because there was no explanation why the court deviated from the nine percent interest rate dictated by ORS 82.010(2), the court erred by imposing a zero percent interest rate. Given that disposition, the Court of Appeals did not reach whether the trial court made a choice outside the permissible range of discretion when it weighed the statutory factors.

Vacated and remanded.

Matthew B. Shirtcliff, Judge.

Rachael A. Federico argued the cause for appellant. Also on the brief was Sara T. Montrone.

No appearance for respondent.

Before Ortega, Presiding Judge, and Powers, Judge, and Hellman, Judge.

POWERS, J.

Vacated and remanded.

**POWERS, J.**

In this residential forcible entry and detainer (FED) action, tenant challenges the attorney-fee award, arguing that the trial court erred in its application of ORS 20.075, which outlines factors for awarding of attorney fees, and in setting the post-judgment interest rate at zero percent per annum. Tenant further argues that the court abused its discretion by focusing on impermissible criteria to determine the amount of attorney fees. Landlord did not file a respondent's brief and thereby waived appearance on appeal under ORAP 5.60, which provides that, "[i]f the respondent files no brief, the cause will be submitted on the appellant's opening brief and appellant's oral argument, and the respondent shall not be allowed to argue the case." As explained below, we conclude that the trial court erred in its determination of the fee amount and its imposition of a zero percent interest rate. Accordingly, we vacate and remand for further proceedings without reaching whether the trial court made a choice outside the permissible range of discretion when it weighed the factors to determine the amount of attorney fees.

We review a trial court's decision to award or deny legal fees in landlord-tenant disputes for abuse of discretion, ORS 20.075(3), which asks whether the amount was in the range of legally permissible outcomes. *See, e.g.*, *Stonecrest Properties, LLC v. City of Eugene*, 280 Or App 550, 562-63, 382 P3d 539 (2016) (reviewing fee award to determine whether it was "within the range of permissible choices available to the trial court"). Although the court's decision is reviewed for abuse of discretion, we review the terms on which the trial court exercised its discretion for legal error. *Barbara Parmenter Living Trust v. Lemon*, 345 Or 334, 342, 194 P3d 796 (2008). That is, even where a trial court has discretion to reach a certain outcome, it may not rely on a mistaken legal premise to reach that outcome. *Anderson v. Sullivan*, 311 Or App 406, 413, 492 P3d 118, *rev den*, 368 Or 702 (2021).

The facts are undisputed and primarily procedural. Tenant rented a house owned by landlord. Landlord filed an FED action for possession in Baker County Justice Court

after serving tenant with two separate notices for non-payment of rent and termination of the tenancy for cause. Tenant, represented by counsel, filed defenses and counterclaims based in part on House Bill (HB) 4401 (2020), which provided renters with certain protections from eviction during the COVID-19 pandemic. The justice court awarded damages on tenant's counterclaims and awarded possession of the home to landlord. Tenant appealed that decision to the circuit court. *See* ORS 53.010 (authorizing any party to appeal "a judgment in a civil action in a justice court * * * when the action is for the recovery of the possession of real property"); ORS 53.020 (providing that an appeal from a justice court "is taken to the circuit court for the county wherein the judgment is given").

After a hearing, the circuit court entered a judgment in favor of tenant; it dismissed landlord's claim for possession, found that landlord had violated HB 4401, and awarded damages to tenant on her counterclaims. The damages included three months of periodic rent and a $640 prevailing party fee, totaling $3,340. Following entry of the judgment, tenant sought attorney fees in accordance with ORS 90.255 (authorizing reasonable attorney fees for any action on a rental agreement or arising under ORS chapter 90). Tenant's counsel submitted a fee petition representing 21.8 hours of work at a rate of $200 per hour for a total of $4,360. That amount included time spent in both justice court and the circuit court. Landlord filed a motion to reduce or eliminate the fees, and the court held a hearing to determine the fee award.

At that hearing, landlord, who was not represented by counsel in any of the proceedings, sought to reduce or eliminate the fees by arguing that she filed the FED action for possession in good faith and that she did not understand that HB 4401 prevented her from seeking to evict tenant. Tenant contended that the fees were reasonable, authorized by statute, and that landlord had refused to dismiss the case when given the opportunity before trial.

In announcing its fee decision, the trial court made findings related to some of the factors enumerated in ORS 20.075, including that: landlord had not acted in bad faith in

filing her action for possession; the objective reasonableness of the claims and defenses "cut more in favor" of tenant; and tenant's attorney was fair in her assessment of her time and likely charged a lower rate than what her abilities would support. Ultimately, the trial court entered an amended judgment awarding tenant $600 of the $4,360 requested attorney fees. The court specified at the hearing that the fee award was for three hours of counsel's work in preparing for and representing tenant in circuit court, and specifically noted that it did not award any fees for the justice court proceedings. In the written amended judgment, the court set the post-judgment per annum interest rate at zero percent.

On appeal, tenant argues that the trial court erred in barring fees for the justice court proceedings, setting the interest rate at zero percent, and by improperly weighing the statutory factors enumerated in ORS 20.075 to reduce the attorney fee award. As noted earlier, landlord does not appear on appeal.

We begin our analysis with tenant's contention that the trial court erred in barring attorney fees for the justice court proceedings. In any action arising under ORS chapter 90, a trial court "may" award attorney fees to the prevailing party. ORS 90.255. To guide that determination, ORS 20.075(1) and (2), respectively, provide factors that the court must consider in determining whether to make a fee award and, if so, the amount of the award.[1] ORS 20.075 does

---

[1] ORS 20.075 provides, in part:

"(1) A court shall consider the following factors in determining whether to award attorney fees in any case in which an award of attorney fees is authorized by statute and in which the court has discretion to decide whether to award attorney fees:

"(a) The conduct of the parties in the transactions or occurrences that gave rise to the litigation, including any conduct of a party that was reckless, willful, malicious, in bad faith or illegal.

"(b) The objective reasonableness of the claims and defenses asserted by the parties.

"(c) The extent to which an award of an attorney fee in the case would deter others from asserting good faith claims or defenses in similar cases.

"(d) The extent to which an award of an attorney fee in the case would deter others from asserting meritless claims and defenses.

"(e) The objective reasonableness of the parties and the diligence of the parties and their attorneys during the proceedings.

not address which types of judicial proceedings are eligible for attorney fee awards; however, we have previously held that attorney fees incurred at judicial proceedings beyond the circuit court "are just as recoverable as those incurred in the circuit court." *Morat v. Sunset Village, LLC*, 294 Or App 427, 444, 432 P3d 327 (2018) (explaining that attorney fees incurred during court-annexed arbitration are recoverable).

In this case, after discussing some of the factors within ORS 20.075(1) and (2), the trial court concluded:

"I am going to—I'm not going to award for justice court time, I'm going to award a fee of $600 for the circuit court time for three hours of some prep time, but court time for sure, plus a prevailing party fee, which I believe puts the total around $1,200."

---

"(f) The objective reasonableness of the parties and the diligence of the parties in pursuing settlement of the dispute.

"(g) The amount that the court has awarded as a prevailing party fee under ORS 20.190.

"(h) Such other factors as the court may consider appropriate under the circumstances of the case.

"(2) A court shall consider the factors specified in subsection (1) of this section in determining the amount of an award of attorney fees in any case in which an award of attorney fees is authorized or required by statute. In addition, the court shall consider the following factors in determining the amount of an award of attorney fees in those cases:

"(a) The time and labor required in the proceeding, the novelty and difficulty of the questions involved in the proceeding and the skill needed to properly perform the legal services.

"(b) The likelihood, if apparent to the client, that the acceptance of the particular employment by the attorney would preclude the attorney from taking other cases.

"(c) The fee customarily charged in the locality for similar legal services.

"(d) The amount involved in the controversy and the results obtained.

"(e) The time limitations imposed by the client or the circumstances of the case.

"(f) The nature and length of the attorney's professional relationship with the client.

"(g) The experience, reputation and ability of the attorney performing the services.

"(h) Whether the fee of the attorney is fixed or contingent.

"(i) Whether the attorney performed the services on a pro bono basis or the award of attorney fees otherwise promotes access to justice."

Although the court had discretion to determine the amount of the fee award, it may not categorically deny fees because they were incurred during the justice court proceedings. We discussed that same principle for a different issue in *Anderson*. In that case, the plaintiff objected to the defendant's attorney fee request, and the defendant's counsel filed a response defending his request for fees. 311 Or App at 407-08. The defendant then requested additional fees for the time his counsel spent defending the initial request (so-called "fees on fees"). *Id*. at 408. The trial court denied that request, concluding that the plaintiff did not contest the fees in bad faith and explaining that "the defendant cannot receive attorney's fees for contesting the objection." *Id*. at 409. We disagreed with the trial court and remanded, explaining that, although the court had discretion to deny the fees, it was legally incorrect to say that defendant could not recover the requested fees. *Id*. at 414.

The *Anderson* principle applies with equal force in this case. As in that case, the trial court here had discretion to award or deny tenant's attorney fees based upon the application of the factors in ORS 20.075 to make a reasonable award. It may not, however, categorically deny fees simply because they were based on work in the justice court, as opposed to the circuit court. Because the attorney fee award in this case appears to do so, we conclude that the trial court erred and vacate the attorney fee award and remand.

We further conclude that the trial court erred in setting the post-judgment per annum interest rate at zero percent. Generally, the interest rate for judgments that include the payment of money is nine percent per annum under ORS 82.010(2).[2] Post-judgment interest is imposed on

---

[2] ORS 82.010 provides, in part:

"(2) Except as provided in this subsection, the rate of interest on judgments for the payment of money is nine percent per annum. The following apply as described:

"(a) Interest on a judgment under this subsection accrues from the date of the entry of the judgment unless the judgment specifies another date.

"(b) Interest on a judgment under this subsection is simple interest, unless otherwise provided by contract.

"(c) Interest accruing from the date of the entry of a judgment shall also accrue on interest that accrued before the date of entry of a judgment.

all judgments and does not require that a prevailing party plead a claim for the interest. *Young v. State of Oregon*, 346 Or 507, 515, 212 P3d 1258 (2009); *see also Chase and Chase*, 354 Or 776, 782, 323 P3d 266 (2014) (explaining that interest under ORS 82.010(2)(b) "applies (in the absence of a different contractual arrangement) to all judgments"). Post-judgment interest accrues on attorney fees and costs that are entered as part of the judgment. ORS 82.010(2)(d). Here, the trial court gave no explanation as to why it set the interest rate at zero percent, and there was no alternative rate discussed by the parties at the FED trial or the motion hearing. Indeed, the first time that the zero percent interest rate appeared in this proceeding was in the written amended judgment. Because there is no explanation why the trial court deviated from the nine percent interest rate dictated by ORS 82.010(2), we conclude that the trial court erred by imposing a zero percent post-judgment interest rate. *See Warrington v. Nichols*, 57 Or App 828, 829, 646 P2d 638 (1982) (vacating judgment and remanding for entry of a new judgment "providing for interest on the amount of the judgment at the rate of 9 percent").

Finally, tenant advances additional arguments challenging the trial court's analysis of the factors in ORS 20.075. She contends that the court abused its discretion by applying factors not permitted under ORS 20.075, and that it erred by finding that ORS 20.075(1)(g) (amount of the prevailing party fee) and ORS 20.075(2)(a) (difficulty of the legal questions involved) weighed against awarding fees. *See Barbara Parmenter Living Trust*, 345 Or at 347 (explaining that "the decision not to award enhanced prevailing party fees either is neutral or leaves open the possibility of

---

"(d) Interest under this subsection shall also accrue on attorney fees and costs entered as part of the judgment.

"(e) A judgment on a contract bearing more than nine percent interest shall bear interest at the same rate provided in the contract as of the date of entry of the judgment.

"(f) The rate of interest on a judgment rendered in favor of a plaintiff in a civil action to recover damages for injuries resulting from the professional negligence of a person licensed by the Oregon Medical Board under ORS chapter 677 or the Oregon State Board of Nursing under ORS 678.010 to 678.410 is the lesser of five percent per annum or three percent in excess of the discount rate in effect at the Federal Reserve Bank in the Federal Reserve district where the injuries occurred."

an award of attorney fees under ORS 20.075(1)"). Given our disposition that vacates the attorney fee award and because the record is less developed on those issues, we need not reach tenant's arguments. The parties and the trial court will have an opportunity to revisit the application of the factors in ORS 20.075 to determine the proper attorney fee award on remand.

Vacated and remanded.