4 November 6, 2024 No. 794

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

Harold ANDERSON,
Trustee, Jill Anderson Family Trust,
*Plaintiff-Respondent,*

*v.*

Michele SULLIVAN,
*Defendant-Appellant.*

Douglas County Circuit Court
19LT00394; A180960

Jason R. Thomas, Judge.

Argued and submitted May 15, 2024.

Harry Ainsworth argued the cause and filed the brief for appellant.

Stephen Mountainspring argued the cause and filed the brief for respondent.

Before Aoyagi, Presiding Judge, Lagesen, Chief Judge, and Kistler, Senior Judge.*

LAGESEN, C. J.

Affirmed.

_____
* Lagesen, C. J., *vice* Jacquot, J.

**LAGESEN, C. J.**

This dispute—about a discretionary award of attorney fees under ORS 90.255 in a forcible entry and detainer proceeding—is before us for a second time. The first time we considered it, we mostly affirmed the trial court's judgment with respect to the appropriate fee award to tenant. *Anderson v. Sullivan*, 311 Or App 406, 410-12, 492 P3d 118, *rev den*, 368 Or 702 (2021). We vacated and remanded, however, for the trial court to exercise its discretion to determine whether to award tenant attorney fees incurred in litigating over attorney fees (colloquially, "fees on fees") and, if so, what amount. *Id.* at 414. On remand, the trial court clarified its prior ruling and, again, declined to include the requested fees on fees in its discretionary fee award, explaining that the inclusion of that amount would result in an overall award of fees to tenant that was excessive for the particular case. Tenant again appeals. Reviewing for abuse of discretion, *id.* at 410, we affirm.

In its initial resolution of tenant's attorney fee request, the trial court explained its reasoning, in relevant part, as follows:

"The question of attorney fees then hinges on what hours can be requested and what is a reasonable amount for a plaintiff to expect to have to pay if its case fails for a particular reason.

"Here, the case did not proceed to a full hearing on the merits of the eviction since the notice was itself defective. There is nothing on the record that would show bad faith or malice on the part of the plaintiff. Nevertheless, the plaintiff did present with a legally insufficient case. This does argue in favor of the award of some amount of those fees. The court agrees with the plaintiff, though, that the amount sought for travel time at the full rate of $300 per hour for six hours ($1800 total) is excessive. The number of hours in defendant's initial request otherwise seems appropriate.

"Therefore, the court finds that the initial request for attorney's fees will be granted in the amount of $1860 plus travel in the amount of $600, for a total of $2460.

"Secondly, as to attorney's fees derived from the defense of the original request (an additional $4070), there are other considerations as well. The plaintiff was not acting in bad

faith to contest the attorney's fees, which the court agrees were more than was warranted in the circumstances. The amount asked for here is simply excessive. The court considers also the relative position of a plaintiff who sees such an initial request and objects to such a large sum being demanded, even if some award is perfectly reasonable.

"Even if the plaintiff was behaving unreasonably in the initial case, having filed a legally insufficient case, and in trying to 'save money' by not having an attorney review the filing or hiring counsel, that does not necessarily mean that the defendant's request for attorney's fees might not be too much. Since the plaintiff's objection to the amount of the attorney's fees in this case was warranted and the court is awarding something less than was requested, *the defendant cannot receive attorney's fees for contesting the objection*.

"Award for defendant in the amount of $2460.00."

(Emphasis added.)

On appeal, we rejected all of tenant's challenges to the fee award except tenant's challenge to the trial court's failure to include fees on fees in the award. *See generally Anderson*, 311 Or App 406. With respect to fees on fees, we concluded that the italicized wording above and, in particular, the word "cannot," demonstrated that the trial court's denial of fees on fees rested on a mistaken legal premise: that the court lacked authority to award them. *Id.* at 414. Based on that conclusion, we vacated and remanded "for further consideration of the fee award. That is, having clarified that the trial court has legal authority to award at least some fees on fees, we leave it to the trial court to exercise its discretion whether to do so and, if so, in what amount." *Id.*

On remand, the trial court clarified that its use of the word "cannot" had not been intended to communicate that the court thought it lacked authority to award fees on fees. Rather, in light of the circumstances discussed in its original letter opinion, the court had declined to include the requested amount for fees on fees within its discretionary award because, in the court's view, the award of fees would not be appropriate:

"It appears that this Court was misunderstood in its use of language in the latter to the parties regarding 'fees

on fees' requested by the defendant. This Court used the term 'cannot' in explaining its decision not to grant such fees as were requested, which was understood by the Court of Appeals to mean that this Court erroneously believed that it was legally forbidden from making an award of attorney's fees under the circumstances. This was the sole issue on remand from the Court of Appeals.

"This Court did not hold that belief; it was well aware of the legal ability of the Court to award attorney's fees under the circumstances. Unfortunately, this Court's use of the term 'cannot' in the phrase, 'defendant cannot receive attorney's fees' was wrong and/or ambiguous. This Court meant to indicate that the Court believed that such fees were not appropriate, and it was exercising its discretion to not award any fees for that action; only in that sense did it mean defendant 'could not' receive them.

"To restate more clearly: for the reasons the Court put forth in its initial letter to the parties, it concludes that attorney's fees for the 'fees on fees' request from defendant should not be granted and the Court does exercise its discretion to deny this request from defendant."

Based on that reasoning, the court entered a supplemental judgment declining to award tenant the additional amount of fees requested. Tenant again appealed.

On appeal, tenant argues that, in denying the fees on fees component of tenant's requested attorney fees, the trial court (1) misapplied certain criteria under ORS 20.075 or otherwise relied on impermissible criteria; (2) did not adequately discuss the facts of the case; and (3) misapplied case law relating to attorney fees. According to tenant, those alleged errors demonstrate that the trial court's failure to include fees on fees in its ultimate fee award was an abuse of discretion.

We are not persuaded by tenant's arguments that the trial court's decision represents an abuse of discretion. The trial court's letter opinion on remand, together with its original letter opinion as clarified on remand, explain why the inclusion of the requested fees on fees would result in an attorney fee award that was too high, given the circumstances of this particular case, including tenant's role in driving up the fees on fees incurred by submitting an initial

fee request that was excessive.[1] Having reviewed the record and viewing the court's letter opinions in the context of the record, we disagree that the trial court's decision evidences a misapplication of the criteria under ORS 20.075, rests on impermissible criteria, or is inadequately explained.

As for case law, to the extent tenant suggests that *Barbara Parmenter Living Trust v. Lemon*, 345 Or 334, 194 P3d 796 (2008), required an award of fees on fees in these circumstances, it does not stand for that proposition. Neither does *Parmenter* stand for the proposition that it was impermissible for the trial court to consider the fact that tenant's fee request was excessive in evaluating whether to include fees on fees within a discretionary award of fees under ORS 90.255. *Parmenter* did not address the question of fees on fees at all; the issue in *Parmenter* was whether the trial court had abused its discretion in denying fees completely. *Parmenter*, 345 Or at 336-37. Finally, to the extent tenant argues that *TriMet v. Aizawa*, 362 Or 1, 403 P3d 753 (2017), mandated an award of fees on fees, that argument is at odds with our recognition in the first appeal that the question of whether to award fees on fees and, if so, what amount was a discretionary call to be made by the trial court. *Anderson*, 311 Or App at 314. Beyond that, *Aizawa* appears to stand for the proposition that a *mandatory* fee award ordinarily must include fees on fees and does not expressly speak to the question here: whether it was an abuse of discretion to decline to include fees on fees within a discretionary fee award under ORS 90.255 where, for the reasons identified by the trial court, the resulting fee award would be excessive for the matter.

Affirmed.

---

[1] As mentioned, in our first opinion, we concluded that the trial court did not abuse its discretion in determining that certain amounts requested were excessive. *Anderson*, 311 Or App at 410-12.