480 April 2, 2025 No. 295

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

OREGON CREDIT & COLLECTIONS BUREAU, INC.,
*Plaintiff-Respondent,*

*v.*

Jayson M. VALECH,
*Defendant-Appellant.*

Marion County Circuit Court
22CV11731; A181972

Amy M. Queen, Judge.

Argued and submitted March 10, 2025.

Matthew S. Kirkpatrick argued the cause for appellant. Also on the opening brief were Bret Knewtson and Kirkpatrick Law, LLC. Also on the reply brief was Bret Knewtson.

Jonathon D. Himes argued the cause for respondent. Also on the brief was Farleigh Wada Witt.

Before Tookey, Presiding Judge, Kamins, Judge, and Jacquot, Judge.

KAMINS, J.

Supplemental judgment vacated and remanded; otherwise affirmed.

**KAMINS, J.**

In this appeal of an award of attorney fees, defendant appeals a supplemental judgment awarding him $1,033 in costs and $7,500 in attorney fees after he successfully defended against plaintiff's attempt to collect a debt. Defendant argues that the trial court abused its discretion by reducing his requested lodestar amount of $74,100 to $7,500, denying a requested fee multiplier, and refusing to award an enhanced prevailing party fee, ORS 20.190(3). Reviewing the trial court's decision for abuse of discretion, *Hoover v. Industrial Scrap Corporation*, 324 Or App 666, 670-71, 527 P3d 1076, *adh'd as modified on recons*, 326 Or App 705, 533 P3d 390, *rev den*, 371 Or 476 (2023), we agree that the trial court erred by relying on a mistaken legal premise to reduce the award, *Anderson v. Sullivan*, 311 Or App 406, 413, 492 P3d 118 (2021), *rev den*, 368 Or 702 (2021), *aff'd*, 336 Or App 4 (2024) ("Relying on a mistaken legal premise when exercising discretion is error * * *."). Accordingly, we vacate and remand.

We recite the facts as found by the trial court in its opinion: In 2005, Artisan Homes entered into an open credit arrangement with Kilgore-Blackman Building Materials, LLC (KBBM) to finance the purchase of building materials. At that same time, defendant executed a personal guarantee, guaranteeing repayment of Artisan's debts. The agreement also allowed for KBBM to collect attorney fees in the event of litigation to collect a debt. Artisan obtained materials under the arrangement from September 2015 to November 2015 but did not pay. KBBM assigned Artisan's account to plaintiff, a collections agency, for collection. In 2021, plaintiff initiated a small claims case against defendant, 21SC20644. Defendant did not respond, and plaintiff obtained judgment by default. Defendant later successfully moved to set aside the default and requested a jury trial. *Id.* The court then issued a notice to plaintiff on March 15, 2022, to file a formal complaint in circuit court, ORS 46.465(3)(a).[1] That statute requires a plaintiff in small claims to

---

[1]  ORS 46.465(3)(a) provides:

"If the defendant claims the right to a jury trial, the clerk shall notify the plaintiff by mail of the requirements of this paragraph. Within 20 days after the mailing of the notice, the plaintiff must file a formal complaint with the court and serve by mail a summons and copy of the complaint on the

file a formal complaint in circuit court when the defendant requests a jury trial within 20 days after the mailing of a notice by the small claims clerk. *Id.*

On April 6, 22 days later, plaintiff filed its formal complaint in circuit court. Without conducting discovery, defendant moved for summary judgment, raising several arguments: (1) the circuit court lacked jurisdiction over plaintiff's claim because it was not filed within the 20 days required by ORS 46.465(3)(a); (2) the circuit court lacked jurisdiction because the formal complaint asserted a different controversy; (3) the circuit court lacked jurisdiction because of other deficiencies in service; (4) the claim was time barred due to it falling outside the statute of limitations for a contract for the sale of goods under the Uniform Commercial Code (UCC); (5) plaintiff failed to state a claim; (6) plaintiff lacked standing. After a brief hearing, the court granted defendant's motion solely on the grounds that it lacked jurisdiction because plaintiff failed to timely file and serve the formal petition as required by ORS 46.465(3)(a).

Defendant then filed a statement of attorney fees and costs that forms the basis of this appeal, citing ORS 20.096 and ORS 20.105 as the statutory basis for claiming fees. In total, defendant requested $74,100 in attorney fees, a 2.0 attorney fee multiplier, $1,033 in costs, and a $5,000 enhanced prevailing party fee, for a total of $154,233. The court granted defendant a reduced award of $7,500 in attorney fees plus $1,033 in costs.

"[I]n determining the amount of an award of attorney fees in any case in which an award of attorney fees is authorized or required by statute," a court must consider both the factors set out in ORS 20.075(1) (factors relevant to whether to award discretionary fees) and ORS 20.075(2) (factors that a court must consider, together with subsection (1) factors, in determining the amount of an award). ORS 20.075(2). In its explanation of the reduction, although the trial court seemingly referenced ORS 20.075(2)(d), the trial court appeared to rely heavily on ORS 20.075(2)(a),

---

defendant at the designated address of the defendant. Proof of service must be filed by the plaintiff with the court. Proof of service may be made by filing a certificate of the plaintiff or the plaintiff's attorney with the complaint."

concluding that the case was "straight forward" and was resolved by considering only one issue—the timeliness of the filing under ORS 46.465(3)(a). *See* ORS 20.075(2)(a) (requiring consideration of "[t]he time and labor required in the proceeding, the novelty and difficulty of the questions involved in the proceeding").

That reliance was error. Just because the court decided the case on a single issue does not mean that defendant is only entitled to compensation for fees associated with that issue. *See Makarios-Oregon, LLC v. Ross Dress-for-Less, Inc.*, 293 Or App 732, 745, 430 P3d 142, *adh'd to as modified on recons*, 295 Or App 449, 430 P3d 1125 (2018) (noting that a party may recover attorney fees for unsuccessful efforts that were reasonably incurred to achieve the success that the party eventually enjoyed in the litigation). Indeed, defendants are often required to plead certain defenses to prevent them from being waived. *See C. O. Homes, LLC v. Cleveland*, 336 Or App 723, 730, 562 P3d 245 (2024) ("[T]he statute of limitations defense must be asserted in a responsive pleading or motion before pleading, else the defense is waived."); *see also Anderson*, 311 Or App at 413 ("Relying on a mistaken legal premise when exercising discretion is error, regardless of whether the trial court would have had discretion to reach the same result based on a correct understanding of the law."). That is, it appears to us the trial court relied on a mistaken legal premise in reaching its determination regarding the fees to award.

On remand, the trial court should "describe the relevant facts and legal criteria for the court's decision to award or deny attorney fees in any terms that are sufficiently clear to permit meaningful appellate review." *McCarthy v. Oregon Freeze Dry, Inc.*, 327 Or 185, 190, 957 P2d 1200 (1998); *Hoover*, 324 Or App at 670-71 ("We review the court's fee award for less than the amount requested for an abuse of discretion and will affirm the court so long as there is 'a rational nexus between the factor invoked, and its underlying circumstances, and the amount of the reduction.'" (Quoting *Grisby v. Progressive Preferred Ins. Co.*, 233 Or App 210, 222, 225 P3d 101 (2010).)).

Supplemental judgment vacated and remanded; otherwise affirmed.