584 May 14, 2025 No. 442

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

Rolando MEDINA,
*Petitioner-Respondent,*

*v.*

Desirae NIKO,
*Respondent-Appellant.*

Benton County Circuit Court
21DR14256; A183634

Joan E. Demarest, Judge.

Argued and submitted April 15, 2025.

Lorena Reynolds argued the cause and filed the briefs for appellant.

Andrew S. Noonan argued the cause for respondent. Also on the brief was Andrew S. Noonan, P.C.

Before Tookey, Presiding Judge, Kamins, Judge, and Jacquot, Judge.

JACQUOT, J.

Vacated and remanded.

**JACQUOT, J.**

Following entry of a general judgment regarding child custody and support, mother appeals from a supplemental judgment denying her request for attorney fees. She raises five assignments of error, detailed below. When mother sought attorney fees, she requested a hearing per ORCP 68 C(4)(e)(i) and requested special findings of fact and conclusions of law per ORCP 68 C(4)(g). Because the trial court did not hold a hearing or make special findings of fact or state conclusions of law on the record, we vacate and remand.

In the underlying matter, mother and father contested custody, a parenting plan, and child support for their child. After the first two days of trial, the court granted mother sole custody and ordered the parties to attempt to reach agreement on a parenting plan through mediation. Mediation was unsuccessful and, several months later, the trial resumed for a third day. A general judgment was entered on December 14, 2023.

Fourteen days later, on December 28, mother requested attorney fees. In the caption of her fee request, she asked for a hearing and special findings of fact and conclusions of law. Thirteen days later, on January 10, 2024, father filed an objection to the fee request and served mother's counsel via email. In his objection, father contended that mother failed to include in her request a statute that allows for recovery of attorney fees, and he asked that each party bear their own fees and costs. Eight days later, on January 18, mother filed a motion for leave to amend her attorney fee request, intending to amend her request to include additional statutory citations. On that same day, the court issued a ruling, which provided in its entirety: "The Court will not be awarding attorney fees in this case." The following day, January 19, mother filed a response to father's objection and emailed the court requesting clarification as to whether the court intended to rule on the attorney fee matter without a hearing or special findings of fact and conclusions of law. On January 26, the court denied mother's motion to amend and reiterated its denial of her request for attorney fees without providing any findings or conclusions of law.

In her first four assignments of error, mother asserts that the trial court erred by: (1) denying her request "before [m]other filed a response to [f]ather's objection within the timeline provided in ORCP 68 C(4)(c)"; (2) denying her request to amend her request for attorney fees; (3) not holding a hearing; and (4) not making special findings of fact and stating conclusions of law. In her fifth assignment of error, mother presents argument as to why she was entitled to attorney fees. Mother requests *de novo* review.

Father contends that the denial of mother's attorney fee request was within the sound discretion of the trial court and that the requirements of ORCP 68 were "at least nominally satisfie[d]," but he concedes the court did not make special findings of fact nor state conclusions of law; concedes that "that in this particular case the trial court was required upon demand to hold a hearing"; and concedes that remand is required. Additionally, father argues that we should not review *de novo*.

We begin by addressing mother's request for *de novo* review. We have discretion to review an appeal of an "equitable action or proceeding" *de novo*, ORS 19.415(3), but we do so only "in exceptional cases," ORAP 5.40(8)(c). Although we have reviewed various matters related to custody and parenting time *de novo*, "whether to award attorney fees and costs is a matter largely in the trial court's discretion." *Reitmeier and Reitmeier*, 98 Or App 58, 60, 778 P2d 962 (1989). Regardless, even assuming that we have *de novo* review authority, this case is not an "exceptional" one. Even though the parties dispute the significance of the trial court's procedural actions, the parties agree that this matter concerns a standard discretionary attorney fees request. Accordingly, we decline to exercise *de novo* review. *See Coates and Coates*, 318 Or App 772, 773, 508 P3d 59 (2022) (declining to review *de novo* in a dissolution of marriage matter because it was not an exceptional case); *cf. Bush and Bush*, 297 Or App 699, 701-02, 444 P3d 1133 (2019) (exercising our discretion to review a single factual matter regarding a child support calculation *de novo*).

Absent *de novo* review, "we are bound by the trial court's express and implicit factual findings if they are

supported by any evidence in the record." *Coates*, 318 Or App at 773 (internal quotation marks and citation omitted). We review a discretionary attorney fee determination for abuse of discretion. *Anderson v. Sullivan*, 336 Or App 4, 5, 559 P3d 931 (2024).[1] When reviewing for an abuse of discretion, our role is to determine whether the trial court came to a legally permissible choice among the range of options. *Northwest Pump & Equipment Co. v. Stach*, 167 Or App 64, 69, 1 P3d 466 (2000). When a discretionary choice "exceeds the rules of law that circumscribe its authority," it is not legally permissible. *Id.* (internal quotation marks and citation omitted); *see also Anderson v. Sullivan*, 311 Or App 406, 414, 492 P3d 118, *rev den*, 368 Or 702 (2021) (determining that it was improper to base a denial of discretionary fees on a mistaken legal premise). We review a trial court's ruling on a motion for leave to amend a pleading for abuse of discretion. *C.O. Homes, LLC v. Cleveland*, 366 Or 207, 215, 460 P3d 494 (2020).

We turn to mother's argument that the trial court erred by denying her fee request before she filed a response within the timeline required by ORCP 68 C(4)(c).[2] Father argues in response that "[r]egardless of ORCP 68, the court was within its right to deny" fees in this case. ORCP 10 provides the process for computing mother's filing timeline.[3] The record reflects, and the parties do not contest, that father's objection was filed and served via email on January 10, that mother's motion to amend was filed and served on January 18, and that her response was filed and served on January 19. The trial court issued a ruling denying mother's attorney fee request on January 18. Per ORCP 68 C(4)(c), mother

---

[1] *Anderson v. Sullivan*, 336 Or App 4, 559 P3d 931 (2024) was an appeal after remand of a case we cite below, *Anderson v. Sullivan*, 311 Or App 406, 414, 492 P3d 118, *rev den*, 368 Or 702 (2021); in both, the parties disagreed about a discretionary attorney fee award following a forcible entry and detainer action.

[2] ORCP 68 C(4)(a) - (c) provide, in part, that "[a] party seeking attorney fees" shall submit such a request "not later than 14 days after entry of a judgment," that an objecting party must file and serve their objection and supporting documents "within 14 days after service" of the attorney fee request, and that a "response and supporting documents, if any, shall be filed and served within 7 days after service of the objection."

[3] ORCP 10 B provides, in part, that, "[e]xcept for service of summons, whenever a party has the right *** to do some act within a prescribed period after the service of a notice or other document," if service is "by mail, e-mail, facsimile communication, or electronic service, 3 days shall be added to the prescribed period."

had seven days after service of father's objection in order to respond. However, because the objection was served via email, ORCP 10 B extended mother's timeline by an additional three days—that day, falling on a Saturday, would have extended mother's responsive timeline until January 22. Thus, the trial court did not allow the responsive timeline to run before issuing a decision. *See* ORCP 68 C(4)(d)(ii) (providing that a "court may, in its discretion * * * *enlarge*" a party's filing timeline, but not providing a court discretion to reduce a filing timeline (emphasis added)).

Regarding mother's argument that her motion to amend was erroneously denied, we are unable to determine whether the trial court considered the merits of the motion or denied it based on a mistaken understanding— whether that be a mistaken understanding of the timeline, a mistaken legal premise about the court's discretionary fee authority, or otherwise. We acknowledge that "a trial court has broad discretion to grant or deny leave to amend," and doing so must be consistent "with ORCP 23 A's directive favoring liberal amendment." *RLF Liquidating, LLC v. McDonald Brothers, Inc.*, 318 Or App 321, 323, 507 P3d 758, *rev den*, 369 Or 733 (2022) (internal quotation marks omitted). Given the record before us, we determine that it is most appropriate to vacate the trial court's denial of mother's motion to amend and remand for the court to reconsider and provide reasons for its decision-making.

We next address mother's arguments that under ORCP 68 C(4)(e) and (g), the trial court was required to hold a hearing and make special findings of fact and state conclusions of law. As noted, father concedes that the court did not make special findings of fact nor state conclusions of law, and also concedes that upon demand—which mother made in the caption of her filing—the court was required to hold a hearing. We agree. Under ORCP 68 C(4)(e)(i), "[i]f a hearing is requested, the court, * * * *shall* hear and determine all issues of law and fact." (Emphasis added.) Similarly, ORCP 68 C(4)(g) provides, in part, that when requested, "the court *shall* make special findings of fact and state its conclusions of law on the record." (Emphasis added.) The trial court erred by not doing so.

If the court agrees with father's objections to any fee award, the trial court must create a record sufficient for appellate review. *McCarthy v. Oregon Freeze Dry, Inc.*, 327 Or 185, 190-91, 957 P2d 1200 (1998) ("Adequate findings * * * need not be complex or lengthy. Rather, they must describe the relevant facts and legal criteria for the court's decision to award or deny attorney fees in any terms that are sufficiently clear to permit meaningful appellate review.").

Given that we determine that it is not appropriate for us to review this case *de novo*, we do not reach mother's fifth assignment of error, in which she argues the merits of the fee award.

We vacate the trial court's denial of attorney fees and the denial of mother's motion to amend. We remand for reconsideration of mother's motion to amend, including to consider whether father should have an opportunity to respond; to hold a hearing on the request for attorney fees; and for the court to make special findings of fact and state conclusions of law on the record regarding the issues material to the award or denial of attorney fees.

Vacated and remanded.